LAVERICK ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* CHILDREN'S HOSPITAL MEDICAL CENTER OF AKRON, INC. ET AL., APPELLANTS AND CROSS-APPELLEES.

(Nos. 13008 and 13078 — Decided January 27, 1988.)

*Jeff Tomberg, Thomas L. Spall, Robert Lavery* and *M. Kathryn Croft,* for appellees and cross-appellants.

*Joseph J. Bruzzese, David Best, Thomas H. Terry III, Paula Koenig* and *Robert Lindamood,* for appellants and cross-appellees.

CACIOPPO, J. On March 23, 1984, Clarissa Laverick was taken to surgery at Children's Hospital Medical Center ("Children's Hospital") for a routine tonsillectomy and adenoidectomy. During the surgery, an overdose of Forane gas was administered, resulting in Clarissa's cardiac arrest. Although Clarissa was resuscitated, she failed to recover and died on April 5, 1984.

In March 1985, Clarissa's mother, Kathleen Laverick, the appellee, filed suit individually and as administratrix of Clarissa's estate against Children's Hospital, Ohio Valley Hospital Association ("OVHA"), Dr. Anton P. Milo, and the appellants, Anesthesia for Children, Inc. ("AFC"), Kwangshin Lee, M.D., William Sturniolo, and Cynthia Mawer. The complaint alleged wrongful death, a survival action for pain and suffering, and negligent infliction of emotional distress. The appellants filed an answer and a cross-claim against OVHA for indemnification. The court granted OVHA's motion for summary judgment on the appellants' cross-claim. In March 1986, OVHA and Children's Hospital reached a settlement with the plaintiff and were dismissed from the action. Liability was admitted by all remaining parties except Milo. No settlement was reached with the remaining parties,

and the matter went to trial. At trial, the appellee voluntarily dismissed her claim for negligent infliction of emotional distress. The jury returned a verdict for defendant Milo on both causes of action; for plaintiff Kathleen Laverick, administratrix, against the appellants, in the amount of $688,000 and $1,678.10 for funeral expenses; and for plaintiff Kathleen Laverick, individually, against the appellants, in the amount of $125,000 for Clarissa's conscious pain and suffering. The judgment order reflecting the verdict was filed January 21, 1987. On February 10, 1987, the appellee filed a motion for prejudgment interest. On March 10, 1987, the court denied the motion without comment. The appellants appeal from the judgment and the granting of OVHA's summary judgment against their cross-claim. The appellee appeals the trial court's decision on the motion for prejudgment interest.

### Assignment of Error I

"Appellant is entitled to a new trial because various trial court errors, both separately and in combination, left the jurors so confused that they were unable to come to an ascertainable verdict."

First, the appellants contend that the court's instructions and comments in regard to the verdict form in the name of Kathleen Laverick, individually, confused the jury to the prejudice of the appellants. Generally, error in the instructions given in a civil case is not grounds for reversal unless it is calculated to mislead the jury to the prejudice of the party seeking reversal. 5 Ohio Jurisprudence 3d (1978) 301, Appellate Review, Section 646. Instructions must be viewed in their totality, and if the law is clearly and fairly expressed, no reversal will be predicated upon error in a portion of the charge. *Yeager* v. *Riverside Methodist Hosp.* (1985), 24 Ohio App.

3d 54, 24 OBR 107, 493 N.E. 2d 559, paragraph one of the syllabus. In the case at bar, the court's instructions to the jury gave a clear and fair expression of the law. The court's instructions were not misleading to the jury nor were they prejudicial to the appellants.

Second, the appellants contend that the court committed prejudicial error in instructing the jury on Clarissa's survival claim and not granting the appellants' motion for directed verdict on that claim. A decedent may not recover for pain and suffering when it is shown that the decedent was rendered unconscious at the instant of the injury and died of such injuries without ever having regained consciousness. *Lorain Times-Herald Co.* v. *Del Boccio* (App. 1933), 15 Ohio Law Abs. 735. However, one may recover for the pain and suffering endured when there is affirmative evidence to show that the decedent was not completely unconscious during the interval between the injury and death. *Flory* v. *New York Cent. Rd. Co.* (1959), 170 Ohio St. 185, 189, 10 O.O. 2d 126, 128, 163 N.E. 2d 902, 905. A motion for directed verdict must be denied if there is substantial competent evidence to support the party against whom the motion was made, and from which reasonable minds might reach different conclusions. *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 284-285, 21 O.O. 3d 177, 178-179, 423 N.E. 2d 467, 469-470. In the case at bar, there was testimony regarding Clarissa's reactions and movements, and reasonable minds might reach different conclusions as to whether Clarissa was unconscious. Therefore, the court did not err in overruling the appellants' motion for directed verdict and instructing the jury on Clarissa's conscious pain and suffering.

Third, the appellants contend that the judge committed prejudicial error

by refusing their request to question the jury on their finding in regard to pain and suffering. The alleged error involves a verdict form that was submitted to the jury. The form for Clarissa's survival action provided for the recovery of plaintiff Kathleen Laverick, individually. The court, in its instructions, differentiated between the two causes of action for the jury by emphasizing the different captions on the forms:

"It is important that you examine the caption to determine which cause of action you are finding for; either as administratrix on the wrongful death claim or individually on the survival claim. * * *"

The alleged error does not relate to the substance of the verdict but is one of form. Upon the return of the verdicts, the court did poll the jury on the verdict for pain and suffering. Therefore, the judge did not err in refusing the appellants' request to question the jury on their findings.

Fourth, the appellants contend that the court erred by refusing to certify that the jury deducted the $145,000 settlement from their assessment of total damages. The court's instructions stated:

"Therefore, in the event you find for the Plaintiff, the Defendant is entitled to a credit of $145,000 previously received by the Plaintiff from Ohio Valley Hospital and Akron Children's Hospital.

"If you find for the Plaintiff, you will determine the extent of the Plaintiff's damage. You will determine the full amount which the evidence shows she is justly entitled to receive. And from this amount you will deduct $145,000 which Plaintiff previously received, and you will then proceed to insert the difference in your verdict. * * *"

The instructions were clear, and there is no basis in the appellants' con-

tention that the jury did not follow the instructions. The court did not err in refusing to certify that the jury deducted the $145,000 settlement from its assessment of total damages.

Finally, the appellants contend that the court committed error by failing to allow the appellants' counsel to make his objection to the jury charge on the record. We find nothing in the record that prevented appellants from putting objections on the record. Therefore, the appellants' first assignment of error is not well-taken.

Assignment of Error II

"AFC's entitlement to indemnification from OVHA for the negligence of OVHA's student nurse anesthetist is a question of fact and should not have been decided on a motion for summary judgment."

Civ. R. 56(C) sets forth the standard for granting summary judgment and states in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

The basis of AFC's cross-claim against OVHA was that AFC was a

third-party beneficiary of the contract entered into between OVHA and Children's Hospital. Under this agreement, OVHA sent student nurse trainees to Children's Hospital in order to provide them with experience in pediatric anesthesia. An indemnity clause of the agreement provided that OVHA would indemnify Children's Hospital when an injury occurred due to the sole negligence of student trainees participating in the programs. AFC claims that it was a third-party beneficiary to the indemnity clause of that contract.

Under Ohio law, a promisee must intend that a third party benefit from the contract in order for that third party to have enforceable rights under the contract; if the promisee has no intent to benefit a third party, then such party merely becomes an incidental beneficiary with no enforceable rights under the contract. *Norfolk & Western Co.* v. *United States* (C.A.6, 1980), 641 F. 2d 1201, 1208.

Upon review of the record, the contract between OVHA and Children's Hospital clearly shows that they intended to allocate the risks involved in the training program between themselves and not for the benefit of any third parties. Therefore, the appellants' assignment of error is not well-taken and the judgment of the trial court is affirmed.

## Cross-Assignment of Error I

"It is error for the court to deny a plaintiff's motion for prejudgment interest made pursuant to Ohio Revised Code Section 1343.03(C) when the plaintiff has alleged facts, that if found to be true, demonstrate plaintiff's good faith effort to settle the case prior to trial and the lack of a good faith effort to do so on the part of the defendant."

R.C. 1343.03(C) states:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

To award prejudgment interest, the court must determine that the prevailing party made a good faith effort to settle the case and that the nonprevailing party failed to make an honest effort to settle the case. A good faith effort to settle, under R.C. 1343.03(C), has been construed as (1) full cooperation in discovery proceedings, (2) rational evaluation of one's potential risks and liability, (3) no attempt to unnecessarily delay any of the proceedings, and (4) the making of a good faith monetary settlement offer or a response in good faith to an offer from the other party. *Kalain* v. *Smith* (1986), 25 Ohio St. 3d 157, 25 OBR 201, 495 N.E. 2d 572, syllabus. The decision as to whether to grant or deny prejudgment interest is within the sound discretion of the trial court. *Huffman* v. *Hair Surgeon, Inc.* (1985), 19 Ohio St. 3d 83, 87, 19 OBR 123, 127, 482 N.E. 2d 1248, 1251. That decision will not be disturbed unless it is an abuse of discretion. *Id.*

In the case at bar, the appellants' counsel had sent letters to the appellee indicating that appellants had valued the case at approximately $300,000. Since the appellee had settled with OVHA and Children's Hospital for $145,000, the appellants offered

$150,000 to settle the case with the appellee. The facts indicate that the appellants made a good faith offer and evaluation of their potential liability. Further, the record reflects that the appellants cooperated fully in discovery and did not attempt to unnecessarily delay any of the proceedings. Thus, we find that the trial court did not abuse its discretion when it denied appellee's motion for prejudgment interest.

### Cross-Assignment of Error II

"It is error for the trial court to overrule without a hearing a plaintiff's motion for prejudgment interest made pursuant to Ohio Revised Code Section 1343.03(C)."

The appellee contends that R.C. 1343.03 mandates that the court hold an oral hearing on a motion for prejudgment interest. We have held that if the statute is read as requiring a hearing whenever a motion for prejudgment interest is submitted, such a hearing may be non-oral. *Wilson* v. *Alside, Inc.* (Apr. 10, 1985), Summit App. No. 11667, unreported. There is no requirement that the hearing is conducted in a specific manner. It may be formal or it may be accomplished by the submission of properly supported motion papers. The type of hearing to be had is discretionary with the judge. Therefore, we find the court did not err in not conducting an oral hearing on the motion for prejudgment interest. This assignment of error is not well-taken.

The decision of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and GEORGE, J., concur.