GORDON, Exr., et al., Appellants,

v.

CONTINENTAL CASUALTY COMPANY, Appellee.

[Cite as *Gordon v. Continental Cas. Co.* (1997), 124 Ohio App.3d 406.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE03–383.

Decided Dec. 11, 1997.

*Eugene P. Weiss,* for appellants.

*Mazanec, Raskin & Ryder Co., L.P.A.,* and *Edwin J. Hollern,* for appellee.

CLOSE, Judge.

This is an appeal from a decision of the Franklin County Court of Common Pleas, denying plaintiffs-appellants, James H. Gordon, executor of the estate of Lydia K. Gordon, et al., prejudgment interest on an arbitration award.

On September 3, 1990, an automobile accident occurred which resulted in the death of Lydia K. Gordon, who was insured under a policy issued by defendant-appellee, Continental Casualty Company. This case began as an action for wrongful death arising out of that accident and, as a result, coverage issues arose. Appellants filed a declaratory judgment action seeking coverage determinations relating to two insurance policies issued by appellee. One was an underlying liability policy and the other was an excess liability (umbrella) policy. The parties filed cross-motions for summary judgment in August and September 1993.

The court was asked to determine the limits of uninsured and underinsured motorist coverage under the two policies for the insureds, Mr. & Mrs. Gordon and their two children. The Franklin County Court of Common Pleas rendered a decision on November 3, 1993, which denied appellants' summary judgment motion on the issue of whether each claimant could collect an award up to the

$500,000 policy limit and on the stacking issue. The court granted appellants' motion for summary judgment relating to the umbrella coverage. The court found that there was an additional $1,000,000 available to the wrongful death beneficiaries under the umbrella policy. On December 27, 1997, the trial court modified its prior ruling on the umbrella issue, finding that this coverage was not available. The court upheld its ruling on the other two issues. Thus, summary judgment was granted to appellee on all issues.

Appellants appealed the decision of the Franklin County Court of Common Pleas granting the summary judgment motion of appellee and, on December 22, 1994, this court rendered an opinion which reversed the trial court's decision as to the umbrella policy coverage. Pursuant to the terms of the policy, the parties eventually submitted the issue of the value of the wrongful death claims to arbitration. The arbitration panel awarded the $1,000,000 limits of the policy on April 19, 1996. The additional $1,000,000 was paid by appellee on May 23, 1996, for which a release was given. However, appellants' right to pursue a claim for prejudgment interest was preserved.

On April 30, 1996, appellants filed a motion for prejudgment interest and costs, and a request for oral hearing. Appellants' application for prejudgment interest was met with appellee's motion to vacate, modify or correct the arbitration award. Pursuant to appellants' motion, and over the objection of appellee, this award was reduced to judgment by a decision issued by the Franklin County Court of Common Pleas on August 5, 1996.

The Franklin County Court of Common Pleas' decision rendered February 27, 1997, addressed the issue of whether prejudgment interest can be awarded on an arbitration award. The trial court held that an action brought against one's own insurer seeking recovery based on the uninsured/underinsured motorist provisions of an insurance policy is one which is based in contract, not tortious conduct, thus denying the award of prejudgment interest pursuant to R.C. 1343.03(C).

Appellants appeal that decision and bring the following assignment of error:

"The trial court erred to the prejudice of plaintiff by ruling as a matter of law, without a hearing, that plaintiff was not entitled to prejudgment interest under O.R.C. 1343.03."

The actual issue raised by the assignment of error is whether, because of the nature of the underlying cause of action, the claim of an insured under the uninsured motorist coverage sounds in tortious conduct making R.C. 1343.03(C) applicable.

This court has addressed the issue on three previous occasions. In *Petrie v. Nationwide Mut. Ins. Co.* (Dec. 29, 1994), Franklin App. No. 94APE06–805,

unreported, 1994 WL 723487, a panel of the court specifically held that prejudgment interest in cases involving uninsured motorist provisions under an insurance policy were governed by R.C. 1343.03(A), rather than R.C. 1343.03(C). Nine months later, *Woods v. Farmers Ins. of Columbus, Inc.* (1995), 106 Ohio App.3d 389, 666 N.E.2d 283, was decided and another panel of the court held that prejudgment interest, pursuant to R.C. 1343.03(C), was available upon a judgment entered on an arbitration award. And last, in the case of *Eagle Am. Ins. Co. v. Frencho* (1996), 111 Ohio App.3d 213, 675 N.E.2d 1312, which was decided only eight months after the *Woods* case, the majority held that R.C. 1343.03(A) was applicable and 1343.03(C) was not, while the dissent found R.C.1343.03(C) applicable.

The panels handling each of those cases were probably unaware of the other cases because *Woods* did not address *Petrie*, and *Eagle* did not address *Woods*, although it did address *Petrie*. This is perhaps due to the lack of time between the publication of the decisions rendered in each of those cases.

We are left then with conflicting authority and the necessity of making a determination as to whether *Woods* or *Eagle* is applicable. *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687, stands for the proposition, among others, that the inquiry should be as to whether the aggrieved party has been fully compensated. Applying that test and comparing and contrasting *Eagle* and *Woods*, we are of the impression that *Woods* and the dissent in *Eagle* state the better reasoning and law. In effect, the insured can recover under R.C. 1343.03(C) only in the event of a lack of a "good faith effort to settle" on behalf of the insurance company. If there is a lack of a "good faith effort to settle," the insured is entitled to recover from the date of accrual. We affirm the holding in *Woods* that this is an action based on tortious conduct. If appellants did not prove a lack of "a good faith effort to settle," then they are simply not entitled to prejudgment interest under R.C. 1343.03(C).

For the reasons stated in the *Woods* opinion, we adopt its holding. Appellants' assignment of error is sustained, and the judgment of the trial court is reversed.

*Judgment reversed.*

LAZARUS, J., concurs.

PEGGY BRYANT, J., concurs separately.

PEGGY BRYANT, Judge, concurring separately.

The prejudgment interest issue in this case presents a difficult question, in part because the litigation of appellant's claim embraces both contract and tort law. Without question, the insurance policy appellee issued providing uninsured motorist benefits is a contract between appellee and its insured. At the same

time, R.C. 3937.18 requires appellee to pay tort damages to its insureds in cases involving uninsured and underinsured tortfeasors. To separate the two aspects is virtually impossible. However, for a couple of reasons, I am persuaded to join the majority.

Initially, unlike the typical contract where the parties voluntarily agree to specified terms, the uninsured tort damages at issue here are mandated under R.C. 3937.18. In effect, appellee has been instructed to pay the tort damages of its insureds to the extent they are injured by a uninsured or underinsured tortfeasor. The contract in many ways is only incidental to the primary purpose of R.C. 3937.18. In that respect, the award of prejudgment interest is more akin to cases "based on tortious conduct" as specified in R.C. 1343.03(C), than to those premised on contract under R.C. 1343.03(A).

Moreover, because the uninsured motorist benefits at issue are mandated by R.C. 3937.18, I cannot ignore the underlying purpose of R.C. 3937.18: to put the insured in the same position he or she would have been had the tortfeasor been fully insured. Choosing a "due and payable" date under R.C. 1343.03(A) that neither overcompensates nor undercompensates the insured is problematic. To say that uninsured motorist benefits are due and payable either as of the date of the accident or when the tortfeasor is discovered to be uninsured would place the insured in that instance in a better position than had the tortfeasor been fully insured: the party injured by a fully insured tortfeasor recovers no prejudgment interest absent a failure of the insurance company to make a good faith effort to settle the case. Moreover, to say that the uninsured motorist benefits are due and payable only when damages are ascertained would place the insured in a position inferior to that of the person hit by a fully insured tortfeasor: because the liquidated amount would likely be paid immediately, the insured would recover no prejudgment interest, even though a person injured by a fully insured tortfeasor could recover prejudgment interest under the circumstances specified in R.C. 1343.03(C).

In the final analysis, given the overriding purposes of R.C. 3937.18, as well as the statutorily mandated tort compensation required under that section, I join the majority in finding that R.C. 1343.03(C) is the appropriate vehicle for awarding prejudgment interest in this case. Accordingly, I concur.