COTNER, Appellee, et al.

v.

**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant, et al.**

[Cite as *Cotner v. United States Fid. & Guar. Co.* (1998), 126 Ohio App.3d 664.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–97–047.

Decided March 20, 1998.

*Gary S. Ferber,* for appellee.

*Byron S. Choka,* for appellant.

---

KNEPPER, Judge.

This is an appeal from the judgment of the Erie County Court of Common Pleas granting appellee, Christine A. Cotner, prejudgment interest against her carrier of underinsured motorist insurance, pursuant to R.C. 1343.03(C) and R.C. 1343.03(A), from the date of her automobile accident.[1]

Appellee was involved in an automobile accident on April 8, 1989. Following the accident, appellee underwent two back surgeries in 1991 and 1994. On May 17, 1993, appellee notified appellant, United States Fidelity & Guaranty Company ("USF&G"), that she was going to pursue an underinsured motorist claim through USF&G.[2] In December 1996, arbitrators found for appellee in the amount of $150,000. On December 26, 1996, appellee filed a motion for prejudgment interest, which was ultimately granted by the trial court. Appellant asserts that the trial court erred in granting appellee's motion for prejudgment interest and sets forth the following assignments of error:

---

1. This appeal involves the motion for prejudgment interest filed solely by appellee Christine Cotner against her carrier of underinsured motorist insurance, United States Fidelity & Guaranty Company. Therefore, neither appellee's husband, Patrick Cotner, nor the tortfeasor, defendant Harold E. Tieman, is a party to this appeal.

2. Although appellee's policy refers only to uninsured motorist coverage, the policy operates as if also providing underinsured motorist coverage.

"No. 1: The trial court erred in granting plaintiffs' motion for prejudgment interest under O.R.C. § 1343.03(C) since that section does not apply to claims for underinsured motorist coverage

"No. 2: The trial court erred in granting plaintiffs' motion for prejudgment interest under O.R.C. § 1343.03(C) since it failed to hold a hearing as required by that section.

"No. 3: The trial court erred in granting plaintiffs' motion for prejudgment interest under O.R.C. § 1343.03(C) since USF&G rationally evaluated the risks and potential liabilities and made a good faith monetary settlement offer.

"No. 4: The trial court erred in granting plaintiffs' prejudgment interest under O.R.C. § 1343.03(A) from the date of the underlying automobile accident since plaintiffs' underinsured motorist claim did not become due and payable until it was determined by the arbitrator's decision."

■ Appellant argues with respect to its first assignment of error that a carrier of underinsured motorist insurance can be assessed prejudgment interest only pursuant to R.C. 1343.03(A), not R.C. 1343.03(C). This court disagrees.

In *Landis v. Grange Mut. Ins. Co.* (Feb. 21, 1997), Erie App. No. E–96–034, unreported, 1997 WL 77546, this court found that there was nothing that precluded a party seeking an award of prejudgment interest against his or her carrier of uninsured/underinsured motorist insurance from making an election between subsections (A) and (C) of R.C. 1343.03.[3] This court recognizes that *Petrie v. Nationwide Mut. Ins. Co.* (Dec. 29, 1994), Franklin App. No. 94APE06–805, unreported, 1994 WL 723487, found that R.C. 1343.03(C) does not apply to claims brought against one's carrier of uninsured motorist insurance, because such an action is based upon a contract, not upon tortious conduct. According to *Petrie,* R.C. 1343.03(A) is the only applicable section for awarding prejudgment interest against a carrier of uninsured motorist insurance. *Petrie,* however, was overruled by the Tenth District Court of Appeals in *Gordon v. Continental Cas. Co.* (1997), 124 Ohio App.3d 406, 706 N.E.2d 399.

■ The purpose of awarding prejudgment interest is to make the aggrieved party whole. *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 117, 652 N.E.2d 687, 692. And uninsured/underinsured motorist coverage "is designed to protect persons injured in automobile accidents from losses which, because of the tortfeasor's lack of liability coverage, would otherwise go uncompensated." *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 165, 51 O.O.2d 229, 231, 258 N.E.2d 429, 432.

---

**3.** In *Landis,* R.C. 1343.03(A) was relied upon to award prejudgment interest because there was no allegation of a lack of good faith in attempting to settle the matter.

We find that permitting a party to recover prejudgment interest against his or her carrier of underinsured motorist insurance solely under R.C. 1343.03(A) would leave the insured less than whole under some circumstances. An injured party can recover from a tortfeasor's liability insurance carrier prejudgment interest from the date the cause of action accrued if the carrier failed to make a good faith effort to settle the case. See R.C. 1343.03(C). But, if we were to limit recovery solely to R.C. 1343.03(A), because the injured party is in privity of contract with his or her carrier of underinsured motorist insurance, even if the carrier failed to make a good faith effort to settle with its insured, the insured would not be entitled to prejudgment interest from the date the cause of action accrued. Such a disparity would be adverse to the stated purpose of prejudgment interest and the uninsured/underinsured motorist statute.

Accordingly, this court finds that an insured has the option to recover prejudgment interest from his or her carrier of underinsured motorist insurance under either subsection (A) or (C) of R.C. 1343.03. As stated by this court previously, pursuant to R.C. 1343.03(A), "coverage owed in [an uninsured/underinsured motorist] case becomes due and payable when it is determined by a court, arbitrator, or by agreement of the parties that such a loss is covered," *Myers v. Cent. Ins. Cos.* (1997), 119 Ohio App.3d 277, 286, 695 N.E.2d 49, 55, regardless of any "ancillary tortious conduct." *Landis, supra,* at 7. However, in the event that the trial court finds that a carrier of underinsured motorist insurance failed to make a good faith effort to settle the case and that the injured insured did not fail to make a good faith effort to settle, then prejudgment interest shall be computed from the date the cause of action accrued to the date on which the money is paid. See R.C. 1343.03(C).

■ The trial court held that the cause of action accrued against appellant on the date of the accident. We, however, find that underinsured motorist coverage is unique in that coverage is not owed unless and until the damages exceed the liability coverage. Therefore, the purposes behind underinsured motorist coverage and prejudgment interest are not well served by finding that an action accrues against a carrier of underinsured motorist insurance on the date of the accident. See *Royal Elec.* and *Abate, supra.* We therefore turn our analysis to the question of when an action against an underinsured motorist carrier accrues.

This court has uncovered only two cases that granted prejudgment interest against a carrier of underinsured motorist insurance pursuant to R.C. 1343.03(C) and specified a date from which the cause of action accrued. Neither case, however, actually analyzed the issue of the accrual date. In *Singer v. Celina Group, d.b.a. National Mut. Ins. Co.* (May 30, 1995), Stark App. No. 94 CA 0333, unreported, 1995 WL 495427, the court affirmed the trial court's granting of interest on an underinsured motorist claim, pursuant to R.C. 1343.03(C), from the

date of the accident. In *Ankney v. Nationwide Mut. Ins. Co.* (1992), 79 Ohio App.3d 555, 607 N.E.2d 900, the accident occurred on February 6, 1986, a complaint for declaratory judgment was filed on December 29, 1988, and the parties agreed to reduce the arbitration award to judgment on or before August 14, 1991. Although it is unclear exactly what the court determined to be the event that triggered the action's accrual, the court awarded interest from July 31, 1991. As both these opinions were rendered without analysis on the issue of the date of accrual, we find them to be of little assistance.

There are, however, a number of cases that analyzed when an action for underinsured motorist coverage accrued for reasons other than determining prejudgment interest. In *Kraly v. Vannewkirk* (1994), 69 Ohio St.3d 627, 635 N.E.2d 323, in terms of computing the applicable statute of limitations, the Ohio Supreme Court held that an insured's right to coverage under the uninsured motorist provision of an insurance contract does not accrue until events that give rise to a claim for such benefits have occurred. In *Kraly*, the liability insurance carrier became insolvent approximately twenty-one months after the accident. The uninsured motorist insurance carrier argued that the action accrued at the time of the accident; however, the Supreme Court found that "[w]here the liability insurer of a tortfeasor has been declared insolvent, a right of action of an insured injured by the tortfeasor against his insurer under the uninsured motorist provision of his automobile insurance contract accrues on the date that the insured receives notice of the insolvency." *Id.* at 635, 635 N.E.2d at 329.

The issue before the court in *Ross v. Farmers Ins. Group of Cos.* (Jan. 10, 1997), Montgomery App. No. 15865, unreported, 1997 WL 7168, certified conflict accepted and discretionary appeal allowed (May 14, 1997), 78 Ohio St.3d 1493, 1494, 678 N.E.2d 1229, involved the determination of the applicable law, *i.e.*, *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, or Am.Sub.S.B. 20, effective October 20, 1994, amending R.C. 3937.18. In order to determine which law applied, the court in *Ross* had to decide when an action for underinsured motorist coverage accrued. Relying on *Kraly*, the court in *Ross* considered what conditions precedent in the policy had to be satisfied before an insured was entitled to underinsured motorist coverage. Having done so, the court determined that an insured's right to underinsured motorist benefits accrued on the date the plaintiff settled with the tortfeasor's carrier. *Id.* See, also, *Davis v. Farmers Ins. Group of Cos.* (Sept. 19, 1997), Montgomery App. No. 16378, unreported, 1997 WL 578954, certified conflict accepted and discretionary appeal allowed (Dec. 10, 1997), 80 Ohio St.3d 1469, 687 N.E.2d 298, *Brown v.*

*Wallbrown* (Sept. 11, 1997), Franklin App. No. 96APE12–1633, unreported, 1997 WL 566162; and *Gregory v. W. Res. Mut. Cas. Co.* (Dec. 31, 1997), Wayne App. No. 97CA0020, unreported, 1997 WL 823969. Although these cases are not directly on point, we find their analyses to be instructional with respect to our inquiry.

In the policy in this case, USF&G is not required to provide underinsured motorist benefits until any applicable bodily injury liability policies have been exhausted:

"We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements."

Therefore, we find that no action for underinsured motorist benefits can even accrue until the liability coverage has been exhausted.

■ As mentioned previously, the purpose of awarding prejudgment interest is to make the aggrieved party whole, *Royal Elec.*, and uninsured/underinsured motorist coverage is designed to compensate an injured party for losses that would have been covered by liability insurance had the tortfeasor been adequately insured. *Abate, supra.* Finding that interest awarded under R.C. 1343.03(C) is computed on an underinsured motorist claim from the date the injured party settles with the tortfeasor is consistent with finding that, as against a liability insurance carrier, prejudgment interest accrues on the date of the accident. Accordingly, we find that an action for underinsured motorist coverage accrues when the injured party settles with the tortfeasor or when the injured party notifies the carrier of underinsured motorist coverage that the liability insurance carrier has made an offer of settlement and the injured party intends to pursue underinsured motorist coverage. See *Ross; Kraly, supra.* We find that, by using settlement or offer of settlement as the accrual date, the intention and purpose of both prejudgment interest and underinsured motorist coverage are fully satisfied. We note, as a point of clarity, that this ruling applies solely to underinsured motorist coverage because uninsured motorist coverage may have different points of accrual.

Additionally we note that the legislature revised R.C. 1343.03(C), in Am.Sub. H.B. No. 350, 146 Ohio Laws, Part II, 3871 effective January 27, 1997, which applies to civil actions that are commenced on or after the effective date. *Id.* at Section 6(A), 146 Ohio Laws, Part II, 4029. The revised statute provides for an accrual date "from the date the plaintiff gave the defendant written notice in person or by certified mail that the cause of action accrued * * * or from the date the plaintiff filed a complaint to commence the civil action." This revision clearly shortens the date from which prejudgment interest is to commence. As

such, this revision may also affect the date from which prejudgment interest is to commence on underinsured motorist cases. However, as the revised statute does not apply to this action, we reserve consideration of the issue.

Accordingly, we find that the trial court correctly applied R.C. 1343.03(C) to this case, but incorrectly held that the action accrued on the date of the accident. Appellant's first assignment of error is therefore well taken.

■ Appellant argues in its second assignment of error that the trial court erred in granting appellee prejudgment interest under R.C. 1343.03(C) without first holding a hearing to determine whether USF&G failed to make a good faith effort to settle the case.

R.C. 1343.03(C) states:

"Interest on a judgment * * * rendered in a civil action * * * shall be computed from the date the cause of action accrued * * * if, upon motion of any party to the action, the court determines *at a hearing* held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." (Emphasis added.)

■ Clearly the statute provides for a hearing to be held prior to awarding prejudgment interest. However, a number of appellate courts have consistently held that "[t]here is no requirement that the R.C. 1343.03(C) hearing be conducted in a specific manner." *Kern v. Chillicothe* (Sept. 5, 1997), Ross App. No. 96CA2225, unreported, 1997 WL 567942, citing *Bitzer v. Lincoln Elec. Co.* (1990), 67 Ohio App.3d 53, 59, 585 N.E.2d 978, 980–981, and *Laverick v. Children's Hosp. Med. Ctr. of Akron* (1988), 43 Ohio App.3d 201, 205, 540 N.E.2d 305, 310. It is within the trial court's discretion whether to conduct an oral hearing. *Bitzer, supra,* citing *Laverick, supra. Bitzer, Laverick,* and *Kern* found that the hearing requirement of R.C. 1343.03(C) may be accomplished by submission of properly supported motion papers.

In *Novak v. Lee* (1991), 74 Ohio App.3d 623, 600 N.E.2d 260, this court stated that if it appears that the trial court is going to award prejudgment interest, pursuant to R.C. 1343.03(C), then the trial court must hold an evidentiary hearing:

"[T]he language of the statute is ambiguous as to whether a hearing is mandatory and automatic whenever a party files a motion for pretrial judgment interest. We do not believe that the statute clearly mandates such a hearing where it is not anticipated prejudgment interest will be awarded. Instead, the decision to grant such a hearing is in the discretion of the trial court.

"The trial court following a trial certainly possesses enough information about a case to make a threshold determination as to whether a motion for prejudgment interest might succeed. The court has had the opportunity to view the pleadings, observe the parties, and examine the evidence. *If it appears to the trial court that there may be grounds for awarding prejudgment interest, then the court must hold an evidentiary hearing.* If it appears no award is likely, the court, in its discretion, may decline to hold such a hearing. Should the party requesting prejudgment interest believe there is a compelling reason in favor of the motion, that party may by memorandum and affidavit bring the reason to the attention of the court.

"The advantage of this approach is that judicial resources are preserved by avoiding what may frequently be a perfunctory or meaningless hearing on a prejudgment interest motion. At the same time, a party's right to a hearing before prejudgment interest is granted is preserved." (Emphasis added.) *Id.* at 631–632, 600 N.E.2d at 266.

In *Novak,* however, the motion for prejudgment interest had been denied. Therefore, the court held that the trial court did not abuse its discretion in forgoing an evidentiary hearing. Because *Novak* did not concern a motion for prejudgment interest that was granted, we find that the court's statement mandating an evidentiary hearing if it appears that there may be grounds for awarding prejudgment interest is mere dicta.

Moreover, we find that the rationale in *Kern, supra,* is more probative in determining whether the trial court abused its discretion. In *Kern,* the trial court awarded prejudgment interest without an oral hearing; however, the appellate court held that the trial court did not abuse its discretion in forgoing an evidentiary hearing:

"We are not persuaded that the trial court was unreasonable, arbitrary or unconscionable in choosing not to hold an evidentiary hearing below. The court had the benefit of observing these proceedings through several pretrial hearings and conferences. It was well situated to gauge the 'good faith' efforts of the parties and their willingness to settle the matter. Further, neither side requested a hearing on the motion nor [gave] any indication that they had evidence to introduce at such a hearing. We therefore believe that the court below was within its discretion to review the matter nonorally."

In this case, the trial court was provided with a number of resources that documented the evolution of the case and demonstrated the information USF&G possessed regarding the extent and causation of appellee's injuries. Specifically, the parties each attached to their briefs a number of letters and other documents, including letters from counsel to the adjuster and other counsel, letters from medical providers, such as Douglas C. Rist, M.D., who examined appellee, and

Dr. Fred Brindle, appellee's neurosurgeon, deposition excerpts from Dr. Brindle, a case assessment report, and copies of entries made by the adjuster during the pendency of the case. Additionally, neither side requested a hearing on the motion or gave the trial court any indication that they had additional evidence to introduce at a hearing.

Accordingly, we find that the trial court did not abuse its discretion by forgoing an evidentiary hearing on appellee's motion for prejudgment interest. See *Kern*, *supra*. Appellant's second assignment of error is therefore not well taken.

■ In its third assignment of error, appellant argues that the trial court erred in finding that USF&G failed to rationally evaluate its risks and potential liabilities and failed to make a good faith monetary settlement offer.

■ The determination to award prejudgment interest rests within the sound discretion of the trial court and should not be reduced absent a clear abuse of that discretion. *Scioto Mem. Hosp. Assn., Inc. v. Price Waterhouse* (1996), 74 Ohio St.3d 474, 479, 659 N.E.2d 1268, 1273–1274. An abuse of discretion is more than mere "error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. In *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572, syllabus, the Ohio Supreme Court set forth factors to consider when determining whether a party has made a good faith effort to settle:

"A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."

Appellee's injuries occurred on or about April 8, 1989. In May 1993, appellant was notified that Allstate, the tortfeasor's insurance company, was willing to tender $50,000, the limit of the tortfeasor's liability insurance, and that appellee was going to pursue an underinsured motorist claim through USF&G. In October 1993, USF&G substituted payment of the $50,000 originally offered by Allstate.

Appellee underwent two back surgeries, in 1991 and in 1994. Appellee's neurosurgeon, Dr. Brindle, stated to a reasonable degree of medical certainty that appellee's 1989 car accident was the cause of her disc herniation, which resulted in her surgeries. An independent medical examination was conducted in October 1994 by Dr. Rist. Dr. Rist found appellee to be "essentially symptom free, with the exception of backache that waxes and wanes with activity."

Appellant contends that an intervening work-related injury in 1993 aggravated appellee's back, necessitating the second surgery. Appellant also asserted that appellee's obesity attributed to her problem. Neither of appellant's positions was supported by the documents attached to its memoranda in opposition.

In September 1993, appellee's medical bills totaled $19,239; in January 1995, $23,238; and in October 1996, $34,050. In addition to her medical bills, appellee incurred approximately $13,000 in lost wages. Beyond the $50,000 already tendered, appellant made no settlement offer until November 1996, immediately prior to arbitration. At that time, appellant offered appellee $35,000, for a total settlement offer of $85,000. Based on the adjuster's notes, appellant assessed the case's value, including medical bills, between $46,839 and $53,739 in September 1993; at $60,238 to $69,938 in January 1995; and at $120,000 to $125,000 in November 1996, after the settlement offer had been made. In a case assessment report in March 1994, the case was valued at $100,000.

Although appellee was "essentially symptom free" in October 1994, and appellant valued appellee's case in excess of the $50,000 already tendered, no settlement offer was made until November 1996. Based upon a review of the documents attached to the parties' briefs concerning appellee's motion for prejudgment interest, we cannot find that the trial court abused its discretion in determining that appellant failed to make a good faith effort to settle. See *Kalain, supra.* Appellant's third assignment of error is therefore not well taken.

 In appellant's fourth assignment of error, it argues that the trial court erred in granting appellee prejudgment interest, pursuant to R.C. 1343.03(A), from the date of the underlying automobile accident. We agree. Pursuant to this court's decision in *Myers v. Cent. Ins. Cos.* (1997), 119 Ohio App.3d 277, 286, 695 N.E.2d 49, 55, "the coverage owed in a [uninsured/underinsured motorist] case becomes due and payable when it is determined by a court, arbitrator, or by agreement of the parties that such a loss is covered."

Appellant's fourth assignment of error is therefore well taken. This ruling, however, does not affect our finding above that the trial court properly awarded prejudgment interest pursuant to R.C. 1343.03(C). As stated previously, the statute does not prohibit an insured from electing under which provision of the statute to pursue prejudgment interest in an underinsured motorist case. See *Landis, supra.*

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Erie County Court of Common Pleas is reversed in part as to the amount of prejudgment interest awarded. Pursuant to App.R. 12(B), this court finds that appellee, Christine A. Cotner, is entitled to interest, pursuant to R.C. 1343.03(C), against appellant, USF&G, from

May 17, 1993 until the date the money is paid. Appellee is ordered to pay the court costs of this appeal.

*Judgment affirmed in part*
*and reversed in part.*

GLASSER and MELVIN L. RESNICK, JJ., concur.