OPINION
{¶ 1} Frank Vitek is appealing the judgment of the Montgomery County Common Pleas Court, which dismissed his cross-claim as moot.
 {¶ 2} Direct Reimbursement Administrative Services (hereinafter "Direct")was a limited liability company that was in the business of processing dental insurance claims. Direct was owned by Thomas Laneve and Frank Vitek at 52% and 48% respectively. A disagreement occurred between Vitek and Laneve. Laneve then caused Direct to file a complaint for judicial dissolution of the company with Laneve as the receiver. The complaint listed Laneve and Vitek as defendants.
 {¶ 3} Vitek filed his answer to the complaint and also filed a cross-claim against Laneve for breach of his fiduciary duty to Vitek, the minority shareholder. Vitek alleged that Laneve had breached his fiduciary duty to Vitek by excluding Vitek from participating in the operation of Direct, taking money from Direct for himself and his wife, and improperly treating personal transactions with Direct as loans payable to him by Direct. Laneve never filed an answer to the complaint or Vitek's cross-claim.
 {¶ 4} The issue of the receivership was strongly contested before the trial court particularly the propriety of the imposition of receivership, Laneve's worthiness to serve as receiver, and how Direct's assets were to be distributed. The trial court scheduled a hearing for September 27, 2002 on the issue of the distribution of Direct's assets. Immediately prior to the hearing the parties reached an agreement over the distribution of Direct's assets.
 {¶ 5} A recitation of the agreement was transcribed before the court at the hearing. No mention of Vitek's cross-claim was made at the hearing. Rather, the trial court appeared to understand that a portion of the case remained for determination as demonstrated by the trial court's statement.
 {¶ 6} "[Judge]: * * * Mr. Vitek, is that your understanding of what we have discussed here today what the Agreement is going to be for this portion of the case?
 {¶ 7} "[Vitek]: Yes, sir."
 {¶ 8} Tr. 10-11. (Emphasis added).
 {¶ 9} However, when the trial court entered its November 18, 2002 order that was to implement the settlement, the court disposed of the entire case. The November 18, 2002 order dismissed Vitek's cross-claim, stating:
 {¶ 10} "The Court further determines the Defendant Vitek has filed a Crossclaim alleging, inter alia, that Laneve mishandled the company, refused to provide information or accounting, depleted assets of the company, and that Laneve would continue these practices if not restrained or enjoined. Vitek requested injunctive relief and damages. The Court determines that the Judicial Dissolution, allocation of assets and debts, and previous denial of Vitek's motion for Injunction Relief are all dispositive of the Crossclaim which the Court considers to be moot."
 {¶ 11} Vitek filed this appeal from the trial court's order dismissing his cross-claim, raising the following assignment of error:
 {¶ 12} "The trial court erred in its sua sponte dismissal of defendant/appellant Frank Vitek's cross-claim against defendant/appellee Thomas Laneve."
 {¶ 13} Vitek argues that the trial court erred in dismissing his cross-claim because the trial court essentially entered summary judgment against him without a hearing or notice and because his cross-claim was not moot. We agree that the trial court erred in dismissing his cross-claim.
 {¶ 14} The Ohio Supreme Court stated in Hooten v. Safe Auto Ins.Co., 100 Ohio St.3d 8, 2003-Ohio-4829, ¶ 17 that "[m]ost Ohio appellate courts agree that when a trial court does not hold an oral hearing on a summary judgment motion, Civ.R. 56 requires, as a matter of due process, that the nonmoving party receive notice of the deadline date for the opposing party's response to the summary judgment motion or of the date on which the motion is deemed submitted for decision." Further, the Court stated:
 {¶ 15} "Our holding should not be taken as condoning a hasty judgment. One of the overriding goals of Civ.R. 56 is fundamental fairness to all litigants, given the high stakes involved when summary judgment is sought. See Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,360, * * * (because summary judgment terminates litigation without the benefit of a trial on the merits, compliance with the letter and spirit of the rule is of paramount importance). Civ.R. 56's procedural fairness requirements place significant responsibilities on all parties and judges to ensure that summary judgment should be granted only after all parties have had a fair opportunity to be heard. See Petrey v. Simon (1983),4 Ohio St.3d 154, * * *." Id. at ¶ 34.
 {¶ 16} Further, the Court noted that "[i]n all cases, a trial court is under an obligation to allow time for a full and fair response before ruling on a motion for summary judgment * * *." Id. at ¶ 40.
 {¶ 17} In the underlying case, the trial court dismissed Vitek's cross-claim as being moot. However, the trial court did not indicate what civil rule authorized the dismissal. Vitek argues that since the trial court's decision considered the terms that were recited on the record on September 27, 2002, the court relied on more than the pleadings, and thus, the dismissal could not have been based on Civ.R. 12(B)(6) or Rule 12(C). Vitek asserts and Laneve does not dispute that the dismissal was based on Civ.R. 56. The court's judgment was more in accord with that rule because it went to the merits of Vitek's claims for relief.
 {¶ 18} However, a dismissal based on Civ.R. 56 must be either after an oral hearing on the motion or minimally after the non-moving party has received notice of the deadline date for its response to the motion for summary judgment. A dismissal based on Civ.R. 56 should only occur after both parties have had a fair opportunity to be heard. Vitek received no notice the trial court was dismissing his cross-claim. Therefore, the trial court erred in sua sponte dismissing Vitek's cross-claim.
 {¶ 19} Further, the agreement reached between the parties only pertained to a portion of the case, not the cross-claim. The trial court's references during the September 27, 2002 appearance before the court in which the agreement was entered into the record demonstrates that the court was aware that the agreement was only in reference to a portion of the case. There was no indication by the parties at this appearance that the agreement was intended to settle all of the claims between the parties. Further, no evidence was presented at any point in the proceedings on Vitek's cross-claim. Therefore, on remand the trial court should hold a hearing on Vitek's cross-claim to determine whether the cross-claim is rendered moot by the parties' agreement.
 {¶ 20} Vitek's assignment of error is sustained. The judgment of the trial court is reversed and the matter is remanded for proceedings consistent with this opinion.
WOLFF, J. and GRADY, J., concur.