OPINION
{¶ 1} Gerald Havens appeals from a judgment of the Miami County Court of Common Pleas, after a jury trial, which held that he was fifty percent negligent in causing the accident that injured him on the premises of Precision Strip, Inc.'s facility in Minster, Ohio. *Page 2 
 {¶ 2} According to the evidence submitted at trial, Havens was employed as a truck driver for Total Package Express. His route took him to Precision Strip where he would pick up products from the plant and deliver them to Indiana. After arriving on April 26, 2004, Havens left his truck to walk to the shipping office in order to receive the necessary paperwork for his delivery. While crossing a heavily trafficked loading area, Havens was injured when his foot was run over by a fork lift operated by Jeff Stueve, an employee of Precision Strip. Havens was transported to the hospital and treated for his injury. Havens was unable to work for a short period of time, went through physical rehabilitation, and has ongoing difficulties with walking due to his injury. He filed suit against Precision Strip on April 4, 2005, seeking damages for the negligent operation of the forklift by Stueve.
 {¶ 3} Before the trial, the parties agreed to a proposed jury instruction that the jury could consider the company safety policy, which "requires that employees driving forklifts yield the `right of way' to pedestrians." Both parties stipulated that this was Precision Strip's policy, and Stueve also testified to being informed of the policy during safety training. Precision Strip proposed a standard instruction on comparative negligence, proximate cause, burden of proof, and a duty to look and look effectively. Havens filed a memorandum in opposition to the comparative negligence instruction.
 {¶ 4} Prior to the start of trial on December 6, 2006, Havens made a motion to include a definition of "right of way" with the jury instructions. The requested definition was based on R.C. 4511.01(UU) of the Uniform Traffic Code, and 2 Ohio Jury Instructions (2003), section 225.41(1). These provisions define "right of way" in the context of operating a motor vehicle on the public roadways. Precision Strip objected *Page 3 
to the use of the Uniform Traffic Code definition of "right of way" because those regulations do not apply to incidents occurring on private property. The trial court deferred ruling on the motion and empaneled the jury to start the trial.
 {¶ 5} On December 7, 2006, Precision Strip renewed its objection regarding the use of any traffic code definition of right of way. During this conference, Havens withdrew his objections to jury instructions on comparative negligence, while continuing to urge the court to include the definition of right of way from the Revised Code. The court declined to include that-or any other-definition of "right of way" in the instruction. Instead, the agreed instruction was modified by the court to state that Precision Strip's policy "requires that employees driving forklifts yield to pedestrians."
 {¶ 6} Havens filed an objection with the court regarding the removal of the term "right of way" from the instructions. The court overruled the objection and submitted the case to the jury, along with an instruction on the duty of ordinary care ascribed to all persons and on assumption of the risk. The jury was instructed that an individual is negligent for failing to continue to look if, under the circumstances, a reasonable person would have continued to look. The court also instructed the jury that a plaintiff is negligent if he fails to use the care for his own safety that a reasonably careful person would use under the same or similar circumstances.
 {¶ 7} On December 8, 2006, the jury returned a verdict in favor of Havens in the amount of $46,211.00. However, the jury assigned fifty percent of the negligence to Havens for failing to look both ways prior to crossing the heavily trafficked loading area. Accordingly, judgment for Havens was entered in the amount of $23,105.50. Havens filed a timely notice of appeal. *Page 4 
 {¶ 8} Havens raises a single assignment of error related to the jury instructions.
 {¶ 9} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN THIS CASE IN THE JURY INSTRUCTIONS IT PROVIDED TO THE JURY AT THE TRIAL OF THIS MATTER."
 {¶ 10} Havens claims that he was entitled to the inclusion of the term "right of way" in the jury instructions and that the term should have been defined in accordance with 2 Ohio Jury Instructions (2003), section 2.25.41(1). Under this definition, a pedestrian with a right of way has an absolute right to proceed uninterruptedly in the direction in which he is moving and need not look for vehicles or pedestrians violating his right of way. See, e.g., Deming v. Osinski (1970), 24 Ohio St.2d 179,265 N.E.2d 554. Based on this standard, Havens asserts that he could not have been found to be contributorily negligent, thus entitling him to the full verdict of $46,211.00.
 {¶ 11} Our standard for reviewing the trial court's instruction to the jury is well established. "A jury charge must be considered as a whole and a reviewing court must determine whether the jury charge probably misled the jury in a matter materially affecting the complaining party's substantial rights." Becker v. Lake Cty. Mem. Hosp. West (1990),53 Ohio St.3d 202, 208, 560 N.E.2d 165, citing Hood v. New York, Chicago St.Louis R.R. Co. (1957), 166 Ohio St. 529, 144 N.E.2d 104, paragraph four of the syllabus. The trial court need not give a party's requested instructions to the jury verbatim; the court may use its own language to communicate the same legal principles. State v. Nelson (1973),36 Ohio St.2d 79, 303 N.E.2d 865, paragraph one of the syllabus, overruled on other grounds in State v. Fanning (1982), *Page 5 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583, paragraph one of the syllabus. "No reversible error will be found to have been committed provided that the law is clearly and fairly expressed to the jury and that they are able to understand it as it applies to the facts in the case at hand."Stonerock v. Miller Bros. Paving, Inc. (1991), 72 Ohio App.3d 123, 134,594 N.E.2d 94, citing Wagerheim v. Alexander Grant Co. (1983),19 Ohio App.3d 7, 482 N.E.2d 955. "In general, any error in a charge to the jury in a civil case is not grounds for reversal unless the instruction is calculated to mislead the jury to the prejudice of the party seeking reversal." Hess v. United Ins. Co. of Am. (1991), 74 Ohio App.3d 667,675, 600 N.E.2d 285, citing Laverick v. Children's Hosp. Med. Ctr,Inc. (1988), 43 Ohio App.3d 201, 202, 540 N.E.2d 305, 307.
 {¶ 12} The sole evidence produced at trial concerning Precision Strip's safety policy was the testimony of Stueve, the operator of the forklift. He stated that, during training sessions provided by the company, he was told that forklift operators were to yield the right of way to pedestrians. When asked what he was instructed to do if he saw a pedestrian crossing his path in the loading area, Stueve stated that he was to stop. No other statements were made by Stueve concerning the company's definition-if any existed-of the term "right of way". Moreover, there was no evidence showing that the traffic code definition of "right of way" was intended to be incorporated in Precision Strip's safety policy.
 {¶ 13} The trial court's use of the term "yield" covered the situation that led to the accident even if the parties had previously agreed to use the phrase "yield the right of way". Although Havens argues that "right of way" is a term of art that accorded certain rights to him, the use of "yield" alone was a reasonable summary of Precision *Page 6 
Strip's policy given the evidence presented about the policy. Furthermore, Havens did not object to the instruction that everyone has a duty to look out for his own safety. In fact, he withdrew his objection to the instruction on comparative negligence during the conference discussing the request to include the Ohio Jury Instructions on right of way. The objection was withdrawn despite Havens' testimony that he failed to look in the direction of the forklift. Thus, Havens agreed to submit comparative negligence as an issue at trial. This acquiescence undercuts his claim that a plaintiff's negligence is not a factor in right of way cases on private property, as Havens' actions were relevant with the inclusion of the comparative negligence instruction.
 {¶ 14} The jury was instructed that it could consider Precision Strip's safety policy, including the requirement to yield to pedestrians, in determining whether Stueve was negligent in operating the forklift. The trial court was not required to use the "yield the right of way" language even though the parties initially proposed instructions containing that language. The instruction given by the trial court did not mislead the jury in a manner that materially affected Havens' substantial rights. Further, Havens cannot show prejudice because he agreed to an instruction on comparative negligence. Therefore, we find no error in the trial court's failure to define "right of way" or to use the term in its instructions.
 {¶ 15} The assignment of error is overruled.
 {¶ 16} The judgment of the trial court will be affirmed.
 BROGAN, J. and GRADY, J., concur. *Page 1