Alexander **BOGNAR**, et al., Plaintiffs,

v.

**ZAYRE CORPORATION**, Defendant.

No. C86–3392.

United States District Court,
N.D. Ohio, E.D.

April 14, 1988.

On Motion for Partial Reconsideration
May 26, 1988.

Joseph L. Coticchia, Cleveland, Ohio, for plaintiffs.

Roy L. Hulme, Reminger & Reminger, Cleveland, Ohio, for defendant.

## ORDER

BATTISTI, Chief Judge.

Before this Court are several matters. Plaintiffs have moved for both assessment of costs and prejudgment interest, and also have filed their notice of intention to take depositions in support of a bad faith negotiation claim. Conversely, Defendant has moved for a new trial and also has served notice of deposition duces tecum on Plaintiffs' counsel. These matters will be addressed separately.

Plaintiff seeks costs pursuant to Fed.R. Civ.P. 54(d) and has presented details of taxable costs totaling $1,196.95 in this action. Rule 54 provides for costs "as of course to the prevailing party unless the court otherwise directs." Plaintiffs prevailed on their claims so as to make costs appropriate and there is no reason that Defendant should not bear this burden. Accordingly, costs in the sum of $1,196.95, as detailed in Plaintiffs' motion, are hereby accessed.

■ Although, pursuant to a trial by jury, Defendant was adjudged liable in the sum of $35,000, the facts of the instant case do not indicate action on the part of the Defendant that would merit the additional imposition of prejudgment interest. Accordingly, that request of Plaintiffs is hereby denied. Any further discovery to this end, whether to be taken by Plaintiffs or Defendant, is therefore unnecessary and is hereby prohibited.

Defendant's motion for a new trial pursuant to Fed.R.Civ.P. 59 deserves careful consideration. Defendant posits several arguments as assignments of error at the trial. They will be addressed seriatim.

■ Defendant first argues that the admission into evidence of pictures taken by Plaintiff of a table, which was not established as the one that fell causing Alex Bognar's injury, was improper and prejudicial. To buttress its arguments, Defendant asserts that the pictures were not relevant or, even if relevant, they should be excluded as unduly prejudicial and misleading. At issue here is a rather simple problem. A table fell, and no one is really sure which one of several such tables owned by Defendant in fact caused the injury. Plaintiffs sought to discover the specific table and to take pictures in preparation for trial. In discovery, Defendant offered one of their tables and pictures were taken of it. At trial, Defendant argued that the table Defendant itself produced for inspection was not, for certain, *the* table that fell and, therefore, pictures of it must be excluded. Recognizing that neither side could prove which table fell, nor therefore produce pictures of the exact one, the Court allowed into evidence pictures which were taken by both the Plaintiffs and the Defendants. Not surprisingly, Defendant's pictures showed a table in good condition. Plaintiffs offered the only pictures they had— those of the table Defendant produced in the discovery process. The decision to admit the pictures into evidence was proper, and particularly so when one considers the prejudicial effect and surprise on the Plaintiff had the pictures been excluded after the Defendant itself had proffered the table to be photographed.

■ Defendant also considers the jury instructions on *res ipsa loquitur*, and the failure to charge on the concept of "unavoidable accident" as error which "in essence makes this a strict liability case." Defendant's argument is premised on the assertion that the instrumentality here, the display table, was not in Zayre's exclusive control. Notwithstanding Defendant's assertion that other customers might have access to the tables, the facts of this case present a matter where an inference of negligence is permissible. One such method of inference is through the *res ipsa loquitur* doctrine. This Court's decision not to instruct on the concept of an "unavoidable accident" was not prejudicial to Defendant so as to merit a new trial.

■ Defendant further asserts that the Court's interrogation of Ms. Kelly was prejudicial error mandating a new trial. Defendant recognizes the Court's right to question a witness in order to assure a fair and just trial, but seeks to seize upon the form of the questioning as improper. The

parties were afforded the opportunity to cross examine the witness after the Court's questioning and both the record and the facts here do not show any prejudicial effect from the Court's inquiries.

■ Defendant finally considers a ruling during discovery to be an error which should warrant a new trial. Specifically, Defendant asserts that the Court's refusal to permit the deposition of the treating physician, Dr. Irwin Jacobs, was a prejudicial exclusion of Defendant's best evidence running to the damages issue. The Court's refusal to permit the discovery was premised on the physician-patient privilege. Careful review of the order denying discovery reveals that the denial was proper and, therefore, can not be called prejudicial. Furthermore, Defendant's Exhibit A was accepted into evidence and showed the views of Dr. Jacobs which supported Defendant's position, thereby eliminating even a remote possibility of prejudice.

■ The basis for denial of this discovery is most easily seen by a review of the manner in which the physician privilege may be defeated. Without a waiver of the privilege, no discovery may be had. If Plaintiffs consent to the discovery, the privilege will be waived. This is clearly not the case here, as Plaintiffs expressly refuse to allow their doctor to testify. Plaintiff could also waive the privilege by producing medical records. Although one document was produced, delivered to Defendant's insurer Liberty Mutual, and admitted into evidence at trial, this is insufficient to constitute a complete waiver of privilege. Privilege also might be defeated if Plaintiffs called the treating physician as one of their experts, but again this is not the case here. As a physician retained by the Plaintiffs but not called as an expert, discovery by Defendant would be proper only upon a showing that the party seeking discovery is unable, without undue hardship, to obtain facts and opinions on the same subject by other means. Defendant clearly could retain its own experts and therefore this argument for production of the treating physician fails. Finally, the treating physician might be called to serve as Defendant's

expert. Clearly under Ohio law, hypothetical questions not embracing matters confided in the physician by the patient, or deriving from his physical examination of the patient, would be permissible. However, a Defendant's right even to ask properly framed hypothetical questions, over the Plaintiff's claim of privilege after the physician retained by the Plaintiff, draws this Court precariously close to improper discovery and testimony. Since Defendant could elicit statements from other experts, without the need to risk violation of an important privilege, and further was able to introduce the medical report volunteered by the Plaintiffs, discovery and testimony appropriately was limited.

Based on the foregoing, and a careful review of this entire matter, it is clear that a fair trial was afforded both sides and that Defendant's motion for a new trial must be denied.

IT IS SO ORDERED.

## ON MOTION FOR PARTIAL RECONSIDERATION

The Plaintiffs have asked for a partial reconsideration of the Order of April 14, 1988 regarding the denial of their request for prejudgment interest. In that Order it was simply held that "the facts of the instant case do not indicate action on the part of the Defendant that would merit the additional imposition of prejudgment interest." The Court has carefully reconsidered both the substance of that ruling and the timing of its entry. The Court's Order of April 14, 1988 is hereby affirmed for the reasons stated below.

### I. Prejudgment Interest Awards

Plaintiffs' demand for prejudgment interest arises from a statute which allows, in limited circumstances, an assessment of interest from the date of injury to the judgment date. Ohio Rev.Code Ann. § 1343.03(C) (Anderson Supp.1987). This provision states that:

(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of

the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.

In order to award prejudgment interest, it must be found that a party has not made a good faith effort to settle. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). The Court must determine that the party has: (1) not fully cooperated in discovery proceedings, (2) not rationally evaluated his risks and potential liability, (3) attempted to unnecessarily delay any of the proceedings, and (4) not made a good faith monetary settlement offer or responded in good faith to an offer from the other party. *Kalain v. Smith*, 25 Ohio St.3d 157, 159, 495 N.E.2d 572 (1986).

■ This is not an appropriate case for the imposition of prejudgment interest. Defendant cooperated in discovery, did not delay the proceedings unnecessarily, and made offers to settle which can not be said to be in bad faith. The fact that at trial the jury awarded a larger sum than Defendant had offered in settlement is by no means enough to support an award of prejudgment interest. Equally, the fact that the indemnitor insurance company, although a real party in interest, had authorized settlement at a sum greater than that at which Defendant was willing to settle does not, ipso facto, indicate bad faith. Settlement negotiations and conferences, pursuant to Fed.R.Civ.P. 16, were conducted prior to trial, and, in fact, negotiations continued during the trial. These conferences and negotiations were aimed at securing settlement; the positions of both the Plaintiffs and the Defendant were within the realm of reason. Accordingly, Plaintiffs' argument for prejudgment interest is found to be without merit.

## II. Timeliness of Motion for Prejudgment Interest

■ It is notable and dispositive of Plaintiff's motion for prejudgment interest that it was not timely. A "motion for prejudgment interest must be made and determined, prior to the court's entering of the *final* judgment." *Mills v. Dayton*, 21 Ohio App.3d 208, 211, 486 N.E.2d 1209 (1985). Plaintiffs' motion in the case at bar was filed on March 25, 1988, one week after the entry of final judgment on March 18, 1988. This rule regarding the timeliness of requests for prejudgment interest, although an unfortunate bar to a prejudgment interest motion after the entry of final judgment, is rooted in the legislative history of the Ohio prejudgment interest statute, *id.*, and the finality of judgment rule. Primarily, this requirement eliminates numerous appeals of post-judgment orders and thereby serves to prevent the waste of resources of both the judiciary and the parties. In the instant case, a notice of appeal has been filed. The imposition of prejudgment interest at this juncture would cause precisely the problem that the rules and statute seek to avoid and, accordingly, Plaintiff's motion must be denied.

## III. Prejudgment Interest Hearings

■ A more troubling issue only alluded to by Plaintiff is whether this motion may be decided without a hearing. The literal language of the statute refers to the Court's determination of good faith settlement efforts "at a hearing held subsequent to the verdict or decision in the action." Ohio Rev.Code Ann. § 1343.03(C) (Anderson Supp.1987). It has been held that this hearing must be evidentiary in nature, thus providing the moving party an opportunity to prepare and present detailed evidence to support an award of prejudgment interest for lack of good faith in the settlement process. *King v. Mohre*, 32 Ohio App.3d 56, 513 N.E.2d 1366 (1986). It is also clear that such a hearing, appropriately, would enable the party opposing the motion to have ample opportunity to present evidence in opposition to the motion. Finally, the Court would be able to

record with specificity its basis for a decision to award prejudgment interest. *Id.* at 58, 513 N.E.2d 1366.

A question, however, remains: whether this statute *mandates* a hearing in *all* cases merely on the proferring of such a motion, or whether disposition without an evidentiary hearing and oral argument in open court is proper. Although, in certain situations, such an evidentiary hearing may be appropriate or even desirable, to hold that it is a necessary prerequisite to this, or any, Court's ruling would not be judicious. Clearly, in the absence of a request for oral argument, denial on the basis of the moving papers, without oral argument, is entirely proper. Furthermore, upon careful consideration of the cases addressed to this issue, the striking parallel found in hearings on motions for summary judgment pursuant to Fed.R.Civ.P. 56(c), and the potential for abuse, lead to the conclusion that such a hearing is not mandatory but rather within the sound discretion of the Court.*

## A. Request for Prejudgment Interest Hearing Required

█ It is well established in this Court that a request for a hearing must be made otherwise disposition on the moving papers alone is appropriate. *Dayco v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 391–92 (6th Cir.1975). The request requirement is found in Local Civ.R. 3.01(1) which states that:

> Motions, in general, shall be submitted and determined upon the motion papers hereinafter referred to. Oral arguments of motions will be permitted *on application and proper showing.* (emphasis added).

This local rule wisely provides that oral arguments are appropriate only upon "proper showing" of their utility, and then only pursuant to an "application" or other properly framed request.

In the instant case, neither basis for holding a hearing is present. The facts do not give rise to a right to prejudgment interest, and no application or request for a hearing was made to the Court. When it is clear that a Plaintiff fails both to meet the four elements required to establish a right to prejudgment interest and to request a hearing, it would seem wholly inappropriate to hold one—the motion can, and should, be considered solely on the basis of the filed documents as done in this Court's Order of April 14, 1988.

## B. Prejudgment Interest Hearings Not Mandatory

The case law which addresses whether the hearing is mandatory consists of one disturbing precedent. *Whittington v. New Jersey Zinc Co.*, 775 F.2d 698 (6th Cir.1985) held that Defendant "advances no convincing reason to interpret the statute other than as compelling a hearing upon the filing of a proper motion." *Id.* at 703. This determination relied upon an unreported decision from the Cuyahoga County Court of Common Pleas which asserted the obviousness of a hearing requirement. *Id.*

In *Whittington*, the seriousness of such a mandatory hearing was not contemplated. Rather, as quoted, the Defendant merely failed to educe support for the Court's decision to issue a ruling without the need for a full-blown hearing. Focusing on the differing circumstances which will be present in every case, it seems that an inflexible rule could not have been intended.

Of primary importance when considering this issue is the need for discretion in the trial court. As an absolute rule, a mandatory hearing upon the filing of a motion for prejudgment interest would compel both the judge and the opposing party to address in open court a matter which might well be disposed without the need for oral arguments. Such absolute rules open the door for abuse. When it is evident that a hearing would be of no utility, none should be required.

---

* This result makes it unnecessary to address the more latent question of whether this Ohio statutory *procedure* must be employed in the federal court system under application of the *Erie* doctrine and progeny.

The most appropriate parallel is found in disposition of motions for summary judgment under the federal rule which governs this procedural device. Fed.R.Civ.P. 56(c) states:

> MOTION AND PROCEEDINGS THEREON. The motion shall be served at least 10 days before the *time fixed for the hearing.* The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. (emphasis added).

Just as the Ohio prejudgment interest statute speaks of a hearing, as though absolutely required, so does the federal rule governing summary judgment. However, this provision has not been interpreted so literally. Appropriately, courts have recognized that this federal rule "does not require an oral hearing in open court, [but r]ather, it contemplates notice to the party opposing the motion and an adequate opportunity to respond to the movant's arguments." *Allied Chemical Corp. v. Mackay,* 695 F.2d 854 (5th Cir.1983). The safeguard of the hearing language assures that a motion will not be ruled upon without providing the non-moving party with an opportunity respond.

## IV. Conclusion

The trial court, having dealt with the parties throughout the litigation process, is best able to determine, and clearly must be empowered to tender a fair ruling on the motion for prejudgment interest without the need to protract the litigation by a second round of appearances in open court. Having extensively reconsidered the procedural and factual basis for the prior denial of prejudgment interest, that the Order of April 14, 1988 is hereby affirmed.

IT IS SO ORDERED.