**NOVAK, Appellee and Cross–Appellant,**

**v.**

**LEE, Appellant and Cross–Appellee.**

[Cite as *Novak v. Lee* (1991), 74 Ohio App.3d 623.]

Court of Appeals of Ohio,
Wood County.

No. 90WD066.

Decided June 21, 1991.

*Jonathan F. Sobel,* for appellee/cross-appellant.

*David W. Doerner,* for appellant/cross-appellee.

*Per Curiam.*

Appellant appeals a Wood County Court of Common Pleas jury award of $22,095.50 granted to appellee for injuries received in an auto accident. Appellant failed to object to appellee's medical expert's videotaped trial deposition during its taking. Appellant asserts that the trial court erred when it found appellant waived his objections by failing to timely make them. Similarly, appellant asserts the videotaped deposition should have been excluded from evidence in its entirety because the expert failed to link appellee's

injury with the specific auto accident involving appellant. Appellant also contends that certain medical bills were admitted into evidence without foundation. Appellant's assignment of errors are without merit. We affirm the decision and verdict of the trial court.

Appellee has filed a cross-appeal asserting the trial court erred in denying appellee/cross-appellant prejudgment interest without an evidentiary hearing. Because we find that such a hearing is not mandatory, we find appellee's cross-appeal not well taken.

In the early morning hours of October 31, 1987, a car driven by appellee, Sandra L. Novak, with her college roommate, Susan Toohey, as a passenger, was stopped at a traffic light in Bowling Green when it was struck in the rear by a car driven by appellant, Aaron M. Lee. The force of the impact collapsed the rear of appellee's car and pushed the car forward into a third vehicle. Appellant was removed from the scene by ambulance. Both appellant's and appellee's cars were towed from the scene. Police took appellee and her roommate to their college dormitory.

After returning to the dormitory, both women decided to go to the emergency room at a local hospital. There, appellee complained of neck, shoulder and back pain. Appellee was examined, provided with a cervical collar and released. Twice during the next two weeks appellee entered the University's Student Health Center complaining of the same kind of pain. Analgesics were prescribed. Some weeks later when the pain had not subsided, appellee consulted with a Cleveland physician who prescribed a muscle relaxant and anti-inflammatory drugs. More than a year later, appellee went to a second Cleveland doctor who again prescribed muscle relaxants and a different anti-inflammatory drug. Finally, appellee consulted with a third Cleveland physician, Dr. Hritz, an orthopedic surgeon.

Dr. Hritz performed a series of evaluative tests on appellee and diagnosed her as suffering from chronic neck sprain with spasms and bursitis. The doctor prescribed a regimen of physical therapy in conjunction with an anti-inflammatory medicine.

On March 27, 1989, appellee filed a negligence complaint against appellant. In August 1989, the trial court issued a pretrial order setting deadlines for various aspects of the case, including a May 8, 1990 trial date and a May 1, 1990 objection-to-admissibility deadline.

Dr. Hritz's trial deposition was held on February 16, 1990. At the deposition appellant was represented by counsel who cross-examined the doctor, but failed to object to any testimony offered during direct examination.

At trial appellant admitted negligence, but denied that his negligence was a proximate cause of appellee's injuries. Prior to voir dire, appellant attempted to raise objections, "basically on a hearsay basis," to questions and answers in the videotaped trial deposition of Dr. Hritz. The trial court ruled that appellant's failure to raise such objections contemporaneous to the taping of the deposition constituted a waiver of such objections. The trial court also overruled appellant's motion to exclude Dr. Hritz's videotaped testimony in its entirety. Appellant made this motion based on Dr. Hritz's testimony that appellee's injuries were "secondary" to the accident rather than primarily the result of the accident. Appellant's objection to the admission of certain medical bills because their necessity had not been established was also overruled by the trial court in part.

The trial proceeded with the videotaped deposition of Dr. Hritz being the only medical testimony presented. Appellant rested without presenting any witnesses. The jury found in favor of appellee, awarding her $22,095.50. Appellant moved for a new trial. Appellee moved for prejudgment interest. The trial court denied both motions and entered judgment on the verdict. From this judgment appellant appeals and appellee assigns a cross-appeal. Appellant presents three assignments of error:

"I. *ASSIGNMENT OF ERROR NO. 1*

"The trial court erred when it did not permit counsel for defendant to object to the testimony of Dr. Hritz prior to the presentation of the videotaped deposition at the trial on the merits of this matter.

"II. *ASSIGNMENT OF ERROR NO. 2*

"The trial court erred in allowing into evidence the videotaped deposition of Dr. Hritz at the trial on the merits of this matter.

"III. *ASSIGNMENT OF ERROR NO. 3*

"The trial court erred in admitting into evidence certain medical expenses without testimony that the medical expenses were necessary as the result of the accident which was the subject of the trial on the merits in this matter."

I

Appellant sought to object to portions of appellee's expert witness's videotaped trial deposition immediately prior to the beginning of the trial. While prospective jurors were waiting to be impanelled, appellant's counsel addressed the court: " * * * there are certain items where objection would * * * be properly made, basically on a hearsay basis as opposed to the form of the question or the form of the answer." The trial court overruled appellant's objections as having been waived. The court referred to a local rule which

required objections to be made at the conclusion of the question-and-answer exchange during the deposition.

Objections to testimony elicited during a videotape trial deposition are subject to several layers of rules. The first of these are the Civil Rules governing all depositions:

"(a) Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time.

"(b) Errors and irregularities occurring at the oral examination in the manner of taking the deposition, in the form of the questions or answers, in the oath or affirmation, or in the conduct of parties and errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless reasonable objection thereto is made at the taking of the deposition." Civ.R. 32(D)(3)(a) and (b).

There are additional rules governing videotaped depositions:

"(15) *Objections at Trial.* Objections should be made prior to trial and all objections must be made before actual presentation of the videotape at trial. If an objection is made at trial which has not been waived pursuant to Civil Rule 32(D)(3) or previously raised and ruled upon, such objection shall be made before the videotape deposition is presented. The trial judge shall rule on such objections prior to the presentation of the videotape. If an objection is sustained, that portion of the videotape containing the objectionable testimony shall not be presented." C.P.Sup.R. 12(A)(15). See, also, *Vargo v. Travelers Ins. Co.* (1987), 34 Ohio St.3d 27, 32, 516 N.E.2d 226, 231.

■ The Wood County Court of Common Pleas has also issued local rules relative to videotaped depositions:

"(F) *Ruling on Objections.* Objections must be at the conclusion of the question and answer only. Counsel may state the basis for the objection and read citations into the record at this time. Any objection made prior to the completion of an answer may, in the Court's discretion, be considered overruled.

"The Court will rule on the objections prior to the date set for the trial of the action and will notify the officer and the parties of his rulings and his instructions as to editing. The editing shall be done prior to date of trial and shall reflect the rulings of the trial judge and shall remove all references to the objections. The officers shall then cause the videotape to be edited in accordance with the Court's instructions and shall cause both the original

videotape recording and any edited version of that recording, each clearly identified, to be filed with the clerk of the trial court.

"The effectiveness of a videotape deposition is greatly increased when all of the objections have been ruled upon prior to the time of trial. If, however, an objection is made at the time of trial, which objection has not previously been waived or previously raised and ruled upon, such objection shall be made before the videotape deposition is presented and will be ruled upon by the Court in advance of that presentation. If such objection is sustained, that portion of the videotape deposition containing the objectional testimony shall not be presented to the jury." Loc.R. 4.11(F), Court of Common Pleas of Wood County.

Since appellant failed to proffer any basis for its objection to Dr. Hritz's testimony other than that portions of it were hearsay, other objections appellant may have had were not before the trial court. Therefore, they are not before this court. *Inner City Wrecking Co. v. Bilsky* (1979), 51 Ohio App.2d 220, 226, 5 O.O.3d 357, 360, 367 N.E.2d 1214, 1218.

In Ohio, "[c]ourts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the [rules of superintendence]." Article IV, Section 5(B), Ohio Constitution. In the same section, the Supreme Court is given the authority to promulgate rules governing practice in all state courts so long as these rules do not "abridge, enlarge, or modify any substantive right." *Id.*

When objection to testimony in a videotaped trial deposition must be raised is a procedural issue not affecting a substantive right. The Wood County Court of Common Pleas may, therefore, make a rule that requires that objections in videotaped deposition be made at the conclusion of the question and answer only. Considering the time-consuming task of altering a videotaped deposition when an objection has been sustained, there is ample reason for the court to make a contemporaneous objection rule and to adhere to it. Were there not such a rule, the court could be faced frequently with the choice of delaying a trial or excluding the videotape deposition in its entirety. Choosing the former creates a waste of judicial resources. Choosing the latter could unfairly prejudice the party presenting the deposition. Appellant's first assignment of error is found to be without merit and not to be well taken.[1]

---

1. It should also be noted that appellant failed to make his objection to the admissibility of Dr. Hritz's testimony prior to the May 1, 1990 deadline established in the court's pretrial order.

## II

■ Appellant's second assignment of error is based on Dr. Hritz's testimony that appellee's injuries were "caused secondary to a motor vehicle accident." Appellant first argues that the doctor's use of the word "secondary" requires the jury to speculate as to whether "secondary" means the same as "direct and proximate." Appellant put forth much the same argument before the trial court, proposing that the use of the word "secondary" would mean that there is an intervening cause before the injury that is secondary to the accident. According to appellant, this means that there is not a direct or proximate causal relationship between an injury and an accident if that injury is "secondary" to the accident. However, we take note that "secondary" is defined as "immediately derived from something original, primary, or basic." Webster's 9th New Collegiate Dictionary (1990) 1060. It would appear, therefore, that appellee's injury was immediately derived from a motor vehicle accident.

Appellant also places emphasis on Dr. Hritz's reference to *"a"* motor vehicle accident rather than "the" or "this" accident as the cause of appellee's injuries. This phraseology, according to appellant, does not clearly trace appellee's injuries to the particular accident involving appellant. The doctor may have been referring to some other accident. The phrase which appellant points to occurs during appellee's direct examination of the doctor. Viewing the deposition as a whole, it is clear that Dr. Hritz was referring to the accident that occurred on "10–31–87," as the doctor testified to that on cross-examination. Therefore, appellant's second assignment of error is without merit and not well taken.

## III

Finally, appellant asserts the trial court erred in admitting statements for medical expenses without testimony as to the medical necessity of the treatment. Appellant raised the same question at trial and a thorough discussion was had before the trial court. Following the discussion, the trial court allowed into evidence the expenses related to Dr. Hritz's treatment of appellee, as well as the expense statements for medication prescribed by other treating physicians which Dr. Hritz testified were necessary to treat appellee's condition. The court denied admission of the statement of expenses of two treating physicians prior to Dr. Hritz, but allowed appellee to testify to the cost of her emergency room treatment.

■ Appellant would have us differentiate between a treating physician's testimony that he ordered tests and therapy for treatment and, citing *Detunno v. Shull* (1957), 166 Ohio St. 365, 2 O.O.2d 281, 143 N.E.2d 301, modified by

*Wagner v. McDaniels* (1984), 9 Ohio St.3d 184, 9 OBR 469, 459 N.E.2d 561, testimony that such tests and therapy are medically necessary. However, there are no magic words a physician must say to establish the treatment ordered by him is medically necessary. It is sufficient that the physician testifies that a procedure was ordered in the course of treatment to establish an inference of necessity. If the opposing party has evidence to the contrary, the opportunity for introduction of such evidence exists.

Even though there was no testimony as to the necessity of appellee's emergency room treatment, it is within the realm of common knowledge that an occupant of a vehicle involved in a violent crash sufficient to disable the vehicle may reasonably desire to seek examination and treatment. Where the causal relationship of treatment is a matter of common knowledge, no expert testimony as to necessity is required. *Wood v. Elzoheary* (1983), 11 Ohio App.3d 27, 29, 11 OBR 40, 42, 462 N.E.2d 1243, 1245. Appellant's final assignment of error is also without merit and found not to be well taken.

## IV

Appellee has filed a cross-appeal with a single assignment of error:

"The trial court committed prejudicial error by denying cross-appellant's motion for pre-judgment interest without first conducting an evidentiary hearing."

Appellee/cross-appellant asserts that an evidentiary hearing is mandated where a motion for prejudgment interest on a tort award has been filed. Since appellee/cross-appellant failed to request a hearing, her assignment must fail unless an evidentiary hearing is mandated by the statute.

R.C. 1343.03(C) provides:

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct * * * shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

It has been held that where there is a hearing under R.C. 1343.03(C), it must be evidentiary in nature. *King v. Mohre* (1986), 32 Ohio App.3d 56, 58, 513 N.E.2d 1366, 1369. This, however, is not dispositive of whether such a hearing is mandated.

There is a substantial diversity of opinion as to whether the statute requires a hearing to be held whenever prejudgment interest is sought. A number of courts have held that the language of the statute mandates such a hearing. *Dalton–Robinson v. Stark* (Dec. 21, 1989), Cuyahoga App. No. 57628, unreported, 1989 WL 154879; *Pecek v. Carlton* (Jan. 10, 1985), Cuyahoga App. No. 37893, unreported, 1985 WL 7429; *Cleveland v. Selvey* (Aug. 29, 1986), Seneca App. No. 13–85–8, unreported, 1986 WL 9660; *Rininger v. Kitchen Termite & Pest Control* (May 20, 1987), Fairfield App. No. 44–CA–86, unreported, 1987 WL 11793; *Marshall Ent. v. Ackley* (Dec. 29, 1988), Franklin App. No. 88AP2–87, unreported, 1988 WL 142081.

Other courts hold that R.C. 1343.03(C) makes holding a hearing discretionary with the trial court. *Bognar v. Zayre Corp.* (N.D.Ohio 1988), 702 F.Supp. 151, 155–156; *Akron Precision Striping v. Conley* (Oct. 17, 1990), Summit App. No. 14619, unreported, 1990 WL 163878; *Christopher v. Cleveland Bldrs. Supply* (Mar. 2, 1989), Cuyahoga App. No. 55069, unreported, 1989 WL 18957.

A third major branch of opinion is that the statute requires a hearing, but that hearing need not be an oral hearing. The determination as to whether an oral hearing should be held is within the discretion of the trial court. *Wilson v. Alside, Inc.* (Apr. 10, 1985), Summit App. No. 11667, unreported, 1985 WL 10679; *Wallace v. Warren Bd. of Edn.* (Dec. 7, 1990), Trumbull App. No. 89–T–4297, unreported, 1990 WL 199109; *Laverick v. Children's Hosp.* (1988), 43 Ohio App.3d 201, 540 N.E.2d 305.

As the diversity of opinion above suggests, the language of the statute is ambiguous as to whether a hearing is mandatory and automatic whenever a party files a motion for pretrial judgment interest. We do not believe that the statute clearly mandates such a hearing where it is not anticipated prejudgment interest will be awarded. Instead, the decision to grant such a hearing is in the discretion of the trial court.

The trial court following a trial certainly possesses enough information about a case to make a threshold determination as to whether a motion for prejudgment interest might succeed. The court has had the opportunity to view the pleadings, observe the parties, and examine the evidence. If it appears to the trial court that there may be grounds for awarding prejudgment interest, then the court must hold an evidentiary hearing. If it appears no award is likely, the court, in its discretion, may decline to hold such a hearing. Should the party requesting prejudgment interest believe there is a compelling reason in favor of the motion, that party may by memorandum and affidavit bring the reason to the attention of the court.

The advantage of this approach is that judicial resources are preserved by avoiding what may frequently be a perfunctory or meaningless hearing on a prejudgment interest motion. At the same time, a party's right to a hearing before prejudgment interest is granted is preserved.

In the case at bar, the appellee/cross-appellant was not awarded prejudgment interest; therefore, we find a hearing was not mandated by the statute. The decision to forgo a hearing was within the discretion of the court, and there is nothing in the record to suggest that the court abused its discretion in this matter. Accordingly, appellee/cross-appellant's assignment of error is not well taken.

On consideration whereof, the court finds that substantial justice has been done the parties complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay costs of this appeal.

*Judgment affirmed.*

GLASSER, MELVIN L. RESNICK and SHERCK, JJ., concur.