DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant/cross-appellee Keffler Construction Co. and appellee/cross-appellant Anderson Transportation Co. appeal from judgment entered in the Summit County Court of Common Pleas. We affirm.
 I.
On September 16, 1994, a semi tractor-trailer, owned by Anderson Transportation Co. and operated by an Anderson employee, traveled westbound on I-76 in Summit County. When the semi reached the Medina Line Road overpass, it collided with a piece of construction equipment (a manlift) owned by Keffler Construction Co. The manlift was present on the highway for Keffler's use in a construction project on the overpass.
Anderson filed a complaint against Keffler in the Summit County Court of Common Pleas on August 7, 1995, alleging the collision resulted from Keffler's negligence. The trial court later consolidated the action with a suit filed by Keffler and Great Western Insurance Co. against Anderson, wherein Keffler and Great Western alleged the negligence of Anderson and its driver caused the accident. A jury trial commenced in the matter on March 31, 1997. The jury returned a verdict in Anderson's favor in the amount of $65,000. Anderson moved the trial court to grant prejudgment interest, and the trial court denied the motion. Keffler then timely appealed the judgment and Anderson cross-appealed on the issue of pre-judgment interest.
 II.
Keffler offers two assignments of error for our review; Anderson presents two cross-assignments of error. We afford each separate consideration.
 A. Keffler's First Assignment of Error The Trial Court erred by instructing the jury that if[Keffler] failed to comply with certain provisions of the OhioManual of Uniform Traffic Control Devices then [Keffler] wasnegligent as a matter of law.
In the first assignment of error, Keffler maintains the trial court improperly instructed the jury that if it found Keffler violated certain provisions of the Ohio Manual of Uniform Traffic Control Devices, it must find Keffler was negligent per se. Applying the two-issue rule, we find the assignment of error lacking in merit.
The two-issue rule applies where error in the charge of the court dealing exclusively with one of two or more complete and independent issues required to be presented to a jury in a civil action will be disregarded, if the charge in respect to another independent issue which will support the verdict of the jury is free from prejudicial error, unless it is disclosed by interrogatories or otherwise that the verdict is in fact based upon the issue to which the erroneous instruction related.Gallagher v. Cooper (1984), 14 Ohio St.3d 41, 42, quoting Bush v.Harvey Transfer Co. (1946), 146 Ohio St. 657, paragraph three of the syllabus. (Emphasis omitted.) We believe the case at bar provides a paradigm for application of the two-issue rule.
In the case sub judice, the trial court gave the challenged instruction, stating that "one who violates a statute which imposes a specific duty is guilty of negligence as a matter of law[.]" However, the trial court additionally instructed the jury regarding ordinary negligence, charging that "[i]f either plaintiff or defendant by the use of ordinary care should have foreseen some injury or damage and should not have acted, or if they did act, should have taken precautions to avoid the result, then the performance of the act or the failure to take such precautions is negligence." Keffler failed to submit interrogatories to the jury to determine the reasoning behind the verdict. The jury's verdict could be supported by either one of the theories of negligence charged. Therefore, even if the per se
negligence instruction was erroneously given, because the trial court properly instructed the jury on another issue which could have produced the same verdict, the judgment must be upheld.[1]
Accordingly, Keffler's first assignment of error is overruled.
 B. Keffler's Second Assignment of Error The Trial Court abused its discretion by admitting testimonyby [Anderson's] expert witness regarding the standard of care tobe exercised by a construction company working on an interstatehighway, and allowing the witness to render an opinion that thecompany breached that standard of care, in the absence ofevidence that the witness possessed any specialized knowledge,skill, experience, training, or education regarding the subjectmatter of the testimony.
Keffler's second assignment of error challenges the trial court's admission of testimony by Anderson's expert witness, Gerald Schultz. The assignment of error is not well taken.
Keffler maintains the trial court abused its discretion when it permitted Gerald Schultz to testify regarding traffic control in highway construction zones, arguing Schultz lacked a civil engineering or construction background. Keffler concludes that, in the absence of such a background, Schultz was incapable of offering an expert opinion regarding the accident giving rise to the case sub judice. We disagree.
The opinions of a qualified expert will be admitted provided the testimony will assist the trier of fact. Evid.R. 702. To qualify as an expert, it is not necessary that the witness be the best witness on the subject. Steele v. Buxton (1994), 93 Ohio App.3d 717,719. "The expert must demonstrate some knowledge on the particular subject superior to that possessed by an ordinary juror." Scott v. Yates (1994), 71 Ohio St.3d 219, 221. This court will not disturb the decision of the trial court to admit expert testimony absent an abuse of discretion. Id. To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Rock v. Cabral
(1993), 67 Ohio St.3d 108, 112. The record in the case at bar does not support such a finding.
Review of the record indicates Schultz possessed extensive training in the field of accident investigation and reconstruction. In his thirty-seven years investigating accidents, Schultz testified he became familiar with the Ohio standards for traffic control. He stated that, through his investigation experience, he learned the proper methods for closing down lanes of travel for highway construction. While Schultz may not hold a civil engineering degree, and there may exist a better traffic control expert, he clearly demonstrated a knowledge of traffic control superior to that of an ordinary juror. As such, we cannot conclude the trial court abused its discretion in admitting Schultz's testimony regarding traffic control standards.
Accordingly, Keffler's second assignment of error is overruled.
 C. Anderson's First Cross-Assignment of Error The Trial Court erred by not holding an evidentiary hearingupon [Anderson's] motion for pre-judgment [sic]interest, and abused its discretion by not granting[Anderson's] motion for pre-judgment [sic]interest.
Anderson herein argues the trial court erred because it fail to hold a "mandatory hearing" on Anderson's motion for prejudgment interest. We disagree.
"R.C. 1343.03(C) permits a post-judgment award of prejudgment interest in tort claims when the liable party failed to make a good faith effort to settle the case." Akron Precision Striping,Inc. v. Conley (Oct. 17, 1990), Summit App. No. 14619, unreported at 6. R.C. 1343.03(C) further provides for a hearing on a party's motion for prejudgment interest. However, this court has previously held that "[t]he hearing contemplated in R.C.1343.03(C) is not mandatory but may be held at the discretion of the trial court." Id. at 7. Following a trial, the court possesses sufficient information about a case to determine whether a motion for prejudgment interest might succeed. Novak v. Lee
(1991), 74 Ohio App.3d 623, 631. If it appears that no award is likely, the trial court has the discretion to decline to hold a hearing. Id. Upon review of the record, we find the trial court in the case at bar acted within its discretion when it declined to hold a hearing on Anderson's motion for prejudgment interest.
Anderson also contends the trial court erred in denying its motion for prejudgment interest. The decision to award prejudgment interest lies within the sound discretion of the trial court. Akron Precision Striping, supra, at 6; see, also, Kalainv. Smith (1986), 25 Ohio St.3d 157, 159. After careful examination of the record, we find no indication the trial court abused its discretion in denying Anderson's motion.
In light of the foregoing, Anderson's first cross-assignment of error is overruled.
 D. Anderson's Second Cross-Assignment of Error The granting of prejudgment interest absent any showing offailure of good faith upon damages incurred by a breach ofcontract but requiring such showing of lack of good faith indamages based upon a tort is a violation of the equal protectionclause [sic], § 2, Article I, of the OhioConstitution.
In the second cross-assignment of error, Anderson challenges the constitutionality of of R.C. 1343.03, arguing it violates the Equal Protection Clause of the Ohio Constitution. Anderson maintains the statute discriminates against plaintiffs in tort actions. We find this contention lacking in merit.
In determining the constitutionality of a statute enacted by the legislature, this court must begin with the presumption that the statute is "constitutional unless shown beyond a reasonable doubt to violate a constitutional provision." Beagle v. Walden
(1997), 78 Ohio St.3d 59, 61, quoting Fabrey v. McDonald PoliceDept. (1994), 70 Ohio St.3d 351, 352. We must further remember that "[t]he legislature is the primary judge of the needs of public welfare," and the judiciary may not "nullify the decision of the legislature except in the case of a clear violation of a state or federal constitutional provision." Id., quoting Savoiev. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 515 (Moyer, C.J., dissenting). Thus, we begin under the presumption that R.C.1343.03 does not violate the Equal Protection Clause of the Ohio Constitution.
"A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio or United States Constitutions if it bears a rational relationship to a legitimate governmental interest." Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27,29. Anderson concedes R.C. 1343.03 involves neither a fundamental right nor a suspect class. However, Anderson maintains R.C.1343.03 affords a greater degree of protection to plaintiffs in contract actions than to tort plaintiffs. Anderson claims that, because the statute requires a tort plaintiff to prove a lack of good faith to be awarded prejudgment interest but makes no distinction between liquidated and unliquidated damages in a contract claim, it discriminates against tort plaintiffs. It contends that "no * * * legitimate state interest exists to provide the `rational basis' for unequal treatment[.]" We disagree.
The damages sought by plaintiffs in tort actions are not the concrete, definable damages sought in contract actions. Because the dates and amounts of money due in contract actions are more easily ascertained than the often nebulous monetary value of injuries involved in tort actions, the State has a legitimate interest in requiring tort plaintiffs to prove a lack of good faith before awarding prejudgment interest. Thus, a rational relationship exists between R.C. 1343.03(A), (B), (C) and a legitimate policy interest of the State.
As such, we find the statute does not violate the Equal Protection Clause of the Ohio Constitution.
Accordingly, Anderson's second cross-assignment of error is overruled.
 III.
Both of Keffler's assignments of error are overruled. Anderson's two cross-assignments of error are likewise overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellants.
Exceptions.
 _________________________________ JOHN W. REECE, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR
[1] Keffler maintains the decision of the Ohio Supreme Court in H.E. Culbertson Co. v. Warden (1931), 123 Ohio St. 297, precludes application of the two-issue rule where two or more theories of negligence are at issue. We disagree, noting that the Supreme Court has since criticized the Culbertson
decision for misunderstanding the two-issue rule, stating that "the use of the label, `two-issue rule,' has obscured the reason for the rule and resulted in decisions refusing to apply that rule where the reason for its application was present." Smith v. Flesher (1967), 12 Ohio St.2d 107, 111, n.