This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Robert and Eva Oberlin, appeal from an order of the Summit County Court of Common Pleas that entered judgment for appellees Gregory Hill, D.O. and North Hill Orthopaedic Surgery, Inc. ("defendants"), on the Oberlins' claims for medical malpractice and loss of consortium. This Court affirms.
On December 14, 1994, Dr. Gregory Hill performed surgery on Mr. Oberlin's left hand at Akron General Medical Center. During the surgery, Dr. Hill used an inflatable tourniquet to slow the blood flow to Mr. Oberlin's hand. Sometime after the surgery, Mr. Oberlin developed pain and numbness in his left arm.
On December 13, 1995, the Oberlins filed this action against the defendants, as well as other defendants who were later dismissed from the case. The case proceeded on a theory that Dr. Hill had been negligent in his use of the tourniquet. Specifically, their expert opined that Dr. Hill had left the tourniquet inflated on Mr. Oberlin's arm for too long and that the excessive duration of the pressure had caused nerve damage.
On May 28, 1997, the scheduled trial was continued, apparently due to the parties' failure to complete pretrial discovery. The same day, the trial court ordered, among other things, that the parties complete all depositions within two days and that "depositions with objections marked shall be submitted to the Court by [the week before the scheduled trial]." Twice before, the trial court had ordered that any objections to deposition testimony be submitted before trial. On June 13, 1997, a trial deposition of defendant's expert witness, Dr. Gregory Vrabec, was recorded on videotape because he would be unavailable to testify at the rescheduled trial. Neither party submitted any objections to Dr. Vrabec's testimony prior to trial.
Trial commenced on June 17, 1997. On June 19, just before the videotaped deposition of Dr. Vrabec was played, the Oberlins raised several evidentiary objections to his testimony. The trial court stressed that the objections were not timely, and that it was not required to entertain them. It did, however, address the merits of most of the challenges. Other than a few statements that had been stricken from his testimony, Dr. Vrabec's deposition was played to the jury. Following a jury verdict for the defendants, the trial court entered judgment accordingly. The Oberlins appeal and raise four assignments of error.
Each of the Oberlins' assigned errors raises an evidentiary challenge to the videotaped testimony of Dr. Vrabec. This Court must initially note that the Oberlins failed to timely raise any of these objections. Pursuant to Loc.R. 20(E)(3) of the Court of Common Pleas of Summit County, the trial court had issued three separate orders that the parties submit any objections to deposition testimony, marked on written transcripts, at least five days prior to trial. As the trial court noted, the Oberlins did not comply with these case management orders, but waited until just before the videotape was to be played for the jury. The trial court had ample reason to overrule the objections because the Oberlins failed to comply with its case management orders. See Novak v. Lee (1991), 74 Ohio App.3d 623, 628 ("Considering the time-consuming task of altering a videotaped deposition when an objection has been sustained," the trial court did not err in overruling objections for failure to comply with local rule requiring objections to be raised at the time deposition is taken).
This Court will address the merits of each of the Oberlins' assigned errors, however, bearing in mind that "[t]he admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Thus, this Court cannot reverse the trial court's decision to admit Dr. Vrabec's testimony absent a clear abuse of discretion. An "abuse of discretion" is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
The first assignment of error is that the trial court abused its discretion by refusing to allow the Oberlins to cross-examine Dr. Vrabec about a medical malpractice action filed against him in Canada. The trial court found that, although this evidence "may have some probative value in terms of bias, * * * the court feels that the prejudicial nature of this testimony far outweighs any probative value[.]" When the probative value of evidence is substantially outweighed by the danger of unfair prejudice, the trial court must exclude it. Evid.R. 403(A).
On appeal, the Oberlins attempt to demonstrate the probative value of this evidence. Specifically, they assert that this evidence would have established potential bias on Dr. Vrabec's part because he faced a medical malpractice action very similar to the one at issue here. In an effort to illustrate the similarities between the two medical malpractice actions, the Oberlins cite to testimony from Dr. Vrabec's deposition taken in Canada on August 8, 1996. Although the Oberlins have attached Dr. Vrabec's 1996 Canadian deposition to their appellate brief, this Court cannot consider it because it is not part of the record on appeal. State v. Booher (1988) 54 Ohio App.3d 1, 15.
It is apparent from the trial court's comments on this issue that the Oberlins did not provide it with a copy of Dr. Vrabec's Canadian deposition, nor did they apprise the court of its contents. The only thing the trial court knew about the malpractice action against Dr. Vrabec was that it involved hand surgery. As defense counsel noted, "No evidence * * * indicates that it was the same procedure or even a similar procedure to that [performed by Dr. Hill]." The trial court stressed that any cross-examination of Dr. Vrabec on this issue would be of questionable probative value:
 And all I can tell from reading this transcript [of Dr. Vrabec's May 28, 1997 deposition taken in this case], the only thing that the doctor agrees upon, that it involved orthopaedic surgery treatment on her left hand.
* * *
 I can't tell from reading this whether or not [the Canadian] litigation involved a tourniquet or if there was a problem with the anesthesia or all of those that are present in our case. I can't tell.
Because the Oberlins failed to demonstrate that the evidence at issue had probative value that was not substantially outweighed by the danger of unfair prejudice, it was inadmissible pursuant to Evid.R. 403(A). The first assignment of error is overruled.
The second assignment of error is that the trial court erred in allowing Dr. Vrabec to testify "regarding the standard of care for [an] anesthesiologist, an area outside his parameter of expert knowledge and expertise." The Oberlins contend that, because Dr. Vrabec was not an anesthesiologist, he was not qualified to testify as to the minimum standard of care that should be exercised by an anesthesiologist. See Hudson v. Arias (1995),106 Ohio App.3d 724.
This assigned error is without merit because the trial court allowed no such testimony. Dr. Vrabec did not testify regarding the standard of care for an anesthesiologist. Instead, Dr. Vrabec described the axillary block procedure and opined that it had been the probable cause of Mr. Oberlin's injury. He did not even suggest that the anesthesiologist, who was no longer a party to this action, had been negligent. Dr. Vrabec attributed Mr. Oberlin's injury to the axillary block procedure itself, not the anesthesiologist. Although Dr. Vrabec may not have been as qualified as an anesthesiologist to testify about this medical procedure, an expert need not be the best witness on the subject.Alexander v. Mt. Carmel Medical Center (1978), 56 Ohio St.2d 155,159. The second assignment of error is overruled.
The third assignment of error is that the trial court erred in admitting Dr. Vrabec's testimony about reflex sympathetic dystrophy ("RSD"), the medical condition from which Mr. Oberlin now allegedly suffers, because the defendants failed to disclose during discovery that Dr. Vrabec would testify about that subject matter.
The Oberlins contend that the defendants failed to fulfill their continuing duty under Civ.R. 26(E)(1)(b) to supplement prior discovery responses about the proposed subject matter of their expert's testimony. They assert that the trial court should have excluded the testimony as a sanction for the defendants' failure to comply with Civ.R. 26(E)(1)(b).
The purpose of Civ.R. 26(E)(1)(b) is to prevent "trial by ambush." Walker v. Holland (1997), 117 Ohio App.3d 775, 785. For discovery to serve its purpose, a party must be given a reasonable opportunity to prepare a case against the opposing party. Id. The testimony of a party's expert is typically excluded for failure to disclose the subject matter of an expert's testimony where that subject matter is revealed for the first time at trial and the opposing party had no reason to anticipate it. See id. at 788; Waste Mgt. of Ohio, Inc. v. Mid-America Tire, Inc. (1996),113 Ohio App.3d 529, 534.
There was no trial by ambush here. The subject matter of RSD was of no surprise to the Oberlins; they offered expert testimony that Mr. Oberlin suffered from RSD that was the result of Dr. Hill's negligence. They could reasonably expect that the defendants would offer expert testimony on that subject. Even if the Oberlins did not expect such testimony, Dr. Vrabec gave this testimony several days before the actual trial. The Oberlins raised no objection during the deposition or any time prior to trial, however, when any prejudice due to their lack of notice could have been cured.
Moreover, as the trial court noted, neither party had diligently complied with the pretrial discovery requirements in this case. Just days before Dr. Vrabec's trial deposition, the Oberlins informed defendants that one of their experts would testify about RSD. Therefore, Dr. Vrabec gave testimony on that same subject matter, and the trial court allowed the testimony. This Court finds no abuse of discretion. The third assignment of error is overruled.
The fourth assignment of error is that the trial court erred in admitting certain statements of Dr. Vrabec regarding the proximate cause of Mr. Oberlin's injury because those opinions were based on possibilities rather than probabilities. In Stinsonv. England (1994), 69 Ohio St.3d 451, paragraph one of the syllabus, the Ohio Supreme Court held that an expert's opinion that an event was the proximate cause of the plaintiff's injury is inadmissible unless it is expressed in terms of probability. "An event is probable if there is a greater than fifty percent likelihood that it produced the occurrence at issue." Id. "[E]xpert opinion regarding a causative event, including alternate causes, must be expressed in terms of probability irrespective of whether the proponent of the evidence bears the burden of persuasion with respect to that issue." Id.
The Oberlins raised this challenge in the trial court just before Dr. Vrabec's videotaped testimony was played to the jury, citing the trial court to specific portions of Dr. Vrabec's testimony that they believed were inadmissible. Although the trial court struck most of the testimony the Oberlins challenged, it refused to strike two passages. The Oberlins assert that the testimony that the trial court refused to strike was inadmissible under Stinson. This Court disagrees.
In the first passage at issue, Dr. Vrabec had just briefly described the use of an inflatable tourniquet during surgery and its impact on blood flow and the nervous system. Defense counsel then asked him how long a tourniquet can be used before nerve damage occurs. Dr. Vrabec answered:
 It can occur immediately upon application of the tourniquet. If the pressure — if the way the tourniquet's applied, if the patient has some underlying predisposition or unknown injury or damage, it could occur fairly quickly.
Although the Oberlins are correct that this testimony was not stated in terms of probabilities or to a degree of medical certainty, Dr. Vrabec was not offering an opinion as to the proximate cause of Mr. Oberlin's injury. Therefore, this testimony was not inadmissible under by Stinson.
Likewise, Stinson had no application to the second passage at issue. That testimony consisted of a brief description by Dr. Vrabec of degenerative disk disease and its effects including its impact on the nervous system. Because the Oberlins have failed to demonstrate that the trial court abused its discretion in admitting this testimony, the fourth assignment of error is overruled.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 ___________________________ BETH WHITMORE
 FOR THE COURT
BAIRD, P.J., CARR, J.
CONCUR