DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, awarding prejudgment interest.
Appellee, Amy Duvendack, was injured in a 1996 motor vehicle collision caused by appellant, James J. Hall. Appellee's medical expenses alone exceeded $11,000.
Appellee brought suit for compensation for her damages. Appellant admitted negligence, but contested the amount of his liability. Prior to trial, appellee offered to settle the suit for $20,000. Appellant responded with a counteroffer of $8,700 which was eventually raised to $10,262. Appellee declined the offer and the matter went to trial on the issue of damages only. At the conclusion of the trial, the jury awarded appellee a verdict in the amount of $125,000.
The trial court entered judgment on the verdict. Appellee then moved for prejudgment interest pursuant to R.C. 1343.03(C). Appellant filed a memorandum in opposition to which appellee replied.
On these submissions, the trial court, in a written opinion, concluded that appellant had failed to make a good faith effort to settle the suit and that appellee was, therefore, entitled to prejudgment interest pursuant to R.C. 1343.03(C).
Appellant now appeals this judgment asserting, in two assignments of error, that the trial court erred by (1) granting prejudgment interest, and (2) failing to hold an evidentiary hearing on the motion.
In Novak v. Lee (1991), 74 Ohio App.3d 623, 630, we held that a trial court, in its discretion, may decline to hold a prejudgment interest evidentiary hearing absent threshold indicia that the motion might succeed. However, we further held that, "If it appears to the trial court that there may be grounds for awarding prejudgment interest, then the court must hold an evidentiary hearing." Id.
Accordingly, appellant's second assignment of error is well-taken. The trial court erred in failing to hold a hearing when it appeared likely that it would award prejudgment interest pursuant to R.C. 1343.03(C).
As the court's order must be vacated and remanded for an evidentiary hearing, appellant's first assignment of error is moot.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas is vacated. This matter is remanded to said court for further proceedings consistent with this decision. Costs to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
James R. Sherck, J., Richard W. Knepper, J., and Mark L. Pietrykowski,P.J., CONCUR.