{¶ 33} I respectfully dissent from the majority's opinion concerning the first two assignments of error. The Ohio Supreme Court held in Lovewell v. Physicians Ins. Co. of Ohio (1997), 79 Ohio St.3d 143
that prejudgment interest is "an extraordinary award that requires a hearing * * *." Id. at 147. The cases from this court establish that a hearing on prejudgment interest is the general rule,[1] with exceptions.
 {¶ 34} One exception the majority cites occurs when the motion is "obviously not well-taken." Fazio v. Meridian Ins. Co. (April 9, 1988), Cuyahoga App. No. 73320. In Fazio, this court first reiterated the general presumption that the court will conduct a hearing and then explained the exception: "As a general proposition, the court must first conduct a hearing when considering a motion for prejudgment interest under R.C. 1343.03. * * * However, the court need not conduct a hearing when the motion for prejudgment interest is obviously not well-taken."
 {¶ 35} In Fazio, the plaintiff had agreed to arbitration and the defendant had tendered the full amount of the arbitration award before the plaintiff raised the issue of prejudgment interest. The court ruled that the plaintiff's motion for prejudgment interest was barred by the express terms of the statute, which does not allow for prejudgment interest if the case has been settled by the parties. Acceptance of an arbitration award constitutes settlement, the court explained, and precludes prejudgment interest. In the case at bar, no such statutory bar occurred; the parties went to trial, not to arbitration. More important is the example the court provided of "obviously not well-taken": prejudgment interest was statutorily barred because the case was settled through arbitration.
 {¶ 36} The majority also cites the alternative wording of "if it appears no award is likely" from Werner v. McAbier (Jan. 13, 2000), Cuyahoga App. Nos. 75197 75233. I note first that this case also clearly affirms the presumption that the court will hold a hearing. Then the court goes on to observe an exception. However, again the exception arises from an obvious circumstance: the failure of plaintiff to make any demand. This failure to initiate negotiations was the central fact upon which the Werner court based its discussion.[2]
 {¶ 37} The two examples of exceptions provided in the cases the majority cites — the failure of the plaintiff to make any demand, along with settlement through arbitration — are in no way similar to the case at bar.
 {¶ 38} Moreover, this court has previously held, that "[t]herecord must demonstrate that the motion is obviously not well taken, or this court must remand for a hearing." Augustine v. North CoastLimousine (Aug. 10, 2000), Cuyahoga App. Nos. 76742 76993. (Emphasis added.)
 {¶ 39} In the case at bar, no transcript was provided to this court. The record contains a few exhibits documenting deposition costs. Foreman's deposition is also included, as are two pages from Wright's deposition, attached to Plaintiff's Motion in Limine. Neither deposition mentions settlement negotiations. Foreman's deposition stated that in the accident the steering wheel pushed back "a couple of his teeth" and chipped his front tooth and that treatment for these problems was delayed because of a lack of funds, the estimate starting at $5,000. Attached to plaintiff's trial brief is a list of past medical expenses and future dental expenses "per Dr. Jaffe." This attachment also specifies the amount of defendant's last offer, but that statement conflicts with the amount listed in the plaintiff's motion for prejudgment interest. No reply to that motion was filed. The attachments and statements in the briefs recounting settlement negotiations are not evidence, however, because no affidavits to authenticate the facts relied upon were filed with the briefs or motion.
 {¶ 40} The majority in the case at bar argues that "[n]either party seems to have been aggressively pursuing a settlement. There is nothing in the record to indicate that the appellant was willing to lower his demand, or that Allstate was willing to increase its offer." In fact, there is nothing properly in the record of a demand or an offer.
 {¶ 41} With such an incomplete record, there is no way to demonstrate the basis for an exception, that is, whether the motion was obviously not well taken. Without the record, it is not possible to know the exact amount of the demand or offer or, for that matter, the medical bills. Without the record, in other words, this court has no basis to discuss the various factors that Kalain v. Smith (1986), 25 Ohio St.3d 157, listed for deciding good faith. Nor was it plaintiff's responsibility to provide the record here. As this court said in Physicians Diagnostic,
supra, "[o]nce [defendant] learned that [plaintiff] would not make the entire record available to this court, it had the duty to file and serve on [plaintiff] a designation of additional parts to be included if those parts of the record would substantiate its position." Id. at 9. This court added that plaintiff's not filing the complete record was "one of those rare times when the appellant's failure to provide a record actually aids the appeal." This court concluded that, because it could not consider any evidence beyond the record presented, it was unable to find the motion for prejudgment interest was not obviously well taken. This court held, therefore, that the trial court should have conducted a hearing on the motion. Id.[3]
 {¶ 42} The circumstances here, that is, the absence of a transcript, are identical to those in Physicians Diagnostic, supra. It is because of this very lack of information that a hearing is necessary to determine whether Allstate did or did not make a good faith effort to negotiate a settlement. We should follow the precedent set by this court in Physician's Diagnostic and remand to the trial court for a hearing.
 {¶ 43} Further, the trial court should have permitted plaintiff to discover Interstate's claims file in preparation for that hearing.
 {¶ 44} By having access to the claims file, plaintiff would then be able to find out whether Allstate ordered its representative to hold at its initial offer or to continue to negotiate. The Ohio Supreme Court has affirmed a plaintiff's right to access these files. The Court explained: "Without access to the insurer's claims file[,]" [plaintiff] is unable to effectively show that the defendant, through [his] insurer, failed to make a good faith effort to settle the instant case * * *." "[W]thout such access plaintiff cannot demonstrate that the plaintiff has shown good cause, pursuant to Civ.R. 26(B)(23), for discovery of the claims file." Peyko v. Frederick (1986), 25 Ohio St.3d 164, at 167, fn. 3. In Peyko, the defense counsel offered to settle for $2,000 and subsequently reduced the offer to $1,500; the jury awarded plaintiff $7,500. In its opinion supporting plaintiff's request for discovery, the Supreme Court did not cite to any evidence other than the disparity between the offer and the award.
 {¶ 45} In the case at bar, if plaintiff had been permitted to review the insurance company's claims file, the question of bad faith in its failure to settle could have been clearly decided. By refusing to allow that review, the trial court denied plaintiff any opportunity to make his case for prejudgment interest.
 {¶ 46} It is precisely because of this dependence upon subsequent discovery that the standard for denying prejudgment interest not be confused with the criteria for denying a hearing. In Kalain the Court addressed the factors to consider at a hearing. Those are not the same factors to decide whether a hearing should be held. Also, in Peyko the Court addressed criteria for deciding a request for discovery. Again, that criteria comes into play after it is decided whether a hearing should be denied.
 {¶ 47} Because we have no record to justify denying a hearing, I would reverse and remand this case for a hearing on the matter of prejudgment interest.
[1] See Pecek v. Carlton (Jan. 10, 1985), Cuyahoga App. No. 37893;Dalton-Robinson v. Stark (Dec. 21, 1989), Cuyahoga App. No. 57628; Smithv. Hadlock (Nov. 27, 1991), Cuyahoga App. No. 59411.
[2] The majority also cites to a Sixth Appellate District case in Lucas County, in which the court held: "R.C. 1343.03(c) requires that on a motion for prejudgment interest premised on a party's alleged failure to make a good faith settlement effort, `* * * the trial court must hold a hearing * * *,' Moskovitz v. Mt. Sinai Med. Ctr., supra, at 658; unless, `* * * it appears no award is likely * * * `in which case the court, in its discretion, may decline to convene such a hearing. Novak v. Lee (1991),74 Ohio App.3d 623, 630, 600 N.E.2d 260." The appellate opinion did not explain the basis, however, for believing no award was likely. Moreover, the Sixth Appellate District does not appear to follow the Eighth District's clearly enunciated principle that the record demonstrate a basis for an exception.
[3] I note, however, that the Sixth Appellate District has suggested a different procedure. It has held that "[s]hould the party requesting prejudgment interest believe there is a compelling reason in favor of the motion, that party may by memorandum and affidavit bring the reason to the attention of the court." It concluded that where prejudgment interest was not awarded the statute does not mandate a hearing. Novak v. Lee,74 Ohio App.3d 623, 631.